547 So.2d 235 (1989)
Michael O'STEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-5.
District Court of Appeal of Florida, First District.
July 18, 1989.
*236 Brian Norton, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Michael O'Steen was charged with two counts of aggravated battery with a deadly weapon for his part in a barroom brawl which occurred July 19, 1987, at the Sportsmen's Bar in Dixie County. A jury found O'Steen guilty of the lesser included offense of simple battery as to each count, and judgment and sentence were rendered accordingly.
O'Steen first contends that the trial court erred in failing to give the self-defense instruction on the justifiable use of nondeadly force and secondly, that the court erred in the sentencing as to the two counts. We affirm as to the first question, but reverse on the second.
At trial, the court gave Florida Standard Jury Instruction (Criminal) 3.04(d) on justifiable use of deadly force based on the evidence presented at trial of self-defense as to the two charges of aggravated battery. The court did not give the standard jury instruction 3.04(e) on justifiable use of force not likely to cause death or great bodily harm, even though the lesser included offense of battery was included on the verdict form.
During the bench conference as to jury instructions, defense counsel first urged against the giving of instruction 3.04(e), then had a change of mind and requested it, admitting that he did not know how the two instructions should be worded so they would not seem confusing to the jury. Agreeing that this would tend to confuse the jury, the court declined to give both instructions and offered the defense a choice between the two. The defense chose instruction 3.04(d) on self defense by use of deadly force, which was given, and now claims error by the failure to provide the other instruction.
We first note that counsel did not offer to the court any written instruction, even where he believed and the court agreed that the two standard instructions read together would be confusing. Nor did the defense, as appellant, include in the record on appeal the final arguments to the jury, which assumedly included his theory of defense.
The judge did instruct as to the lesser included offense of battery, and evidence was presented at trial upon which the jury could have found, and indeed did find, simple battery as to both counts. Because simple battery was a possible verdict, an instruction on self-defense by force not likely to cause either death or great bodily harm should have been given. Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982); Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA 1982). The state carried its burden to show, however, and a thorough review of the record provided, including the evidence and the instructions given, indicates that beyond a reasonable doubt the verdict was not affected by the omission. Likewise, there is no reasonable basis to believe that the rights of the defendant were prejudiced by the incomplete instructions on self-defense. We therefore find the error to be harmless and affirm. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Ciccarelli v. State, 531 So.2d 129 (Fla. 1988).
As to the second question, O'Steen was sentenced to probation on Count II, which included a condition to pay restitution to Fred Land, the victim of the battery under Count I. The statute regarding the payment of restitution as a criminal penalty states:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution... . The *237 court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
§ 775.089(1)(a), Florida Statutes (1987) (emphasis supplied). Section 948.03 states that the court may include the following as a condition of probation:
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court. The court shall make such reparation or restitution a condition of probation, unless it determines that reasons exist to the contrary... .
Section 948.03(1)(e), Florida Statutes, 1987 (emphasis supplied).
The supreme court has held that the significant relationship test, enunciated in J.S.H. v. State, 472 So.2d 737 (Fla. 1985), should be used in conjunction with the causation test required by the statute. State v. Williams, 520 So.2d 276, 277 (Fla. 1988). A two-prong test is therefore required:
1. Was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant's offense?
2. Is there a significant relationship between the damage to the victim and the crime proved?
First, the battery upon Maria Kelly Grant, the victim as to count II, occurred after the battery upon Fred Land, the victim as to count I. The damage or loss to victim Land, being the loss of his right eye, was not caused either directly or indirectly by the battery perpetrated on Grant. Secondly, the damage to victim Land, for which restitution was ordered, had no significant relationship to the crime proved on count II, a battery to Grant. One could not say that but for the battery upon Grant, the damage to Land would not have occurred. In fact it occurred before any battery upon Maria Kelly Grant took place.
Because both questions are answered in the negative, the cause is remanded to the trial court for resentencing as to both counts.
Affirmed in part, reversed in part, and remanded.
WENTWORTH and NIMMONS, JJ., concur.