573 So.2d 194 (1991)
Arthur SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1758.
District Court of Appeal of Florida, Third District.
January 22, 1991.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant Arthur Smith from (1) a final judgment of conviction for burglary and grand theft, third degree, and (2) a sentence imposed thereon under the Habitual Offender statute, entered below based on an adverse jury verdict. We affirm in part and reverse in part.
First, we affirm the judgment of conviction for burglary as the defendant makes no contention on appeal that such judgment was entered erroneously. Upon the state's confession of error, however, we reverse the judgment of conviction for grand theft, third degree, § 812.014(2)(c)(1), Fla. Stat. (1989), and remand the cause to the trial court with directions to enter a judgment of conviction and sentence for the necessarily included offense of petit theft. § 812.014(a)(d), Fla. Stat. (1989). We accept the state's confession of error because (a) the state failed to establish that the tires stolen in this case had a market value of $300.00 or more at the time of the theft, and, accordingly, (b) the trial court erred in denying the defendant's motion at trial to reduce the subject grand-theft charge to petit theft. See, e.g., Vaillant v. State, 490 So.2d 1326, 1327 (Fla. 3d DCA 1986); Cofield v. State, 474 So.2d 849 (Fla. 1st DCA 1985).
Second, we reverse the twenty-year sentence imposed on the burglary conviction under the Habitual Offender Act because the trial court failed to make the required statutory findings as defined by Section 775.084(1)(a), Florida Statutes (1989), before sentencing a defendant as a habitual felony offender  findings which must be made by the trial court, supported by a preponderance of the evidence, before a sentence under the Habitual Offender Act may be imposed. Walker v. State, 462 So.2d 452 (Fla. 1985); Power v. State, 568 So.2d 511 (Fla. 5th DCA 1990); § 775.084(3)(d), Fla. Stat. (1989). The trial court upon remand, however, may resentence the defendant as a habitual felony offender if the requisite statutory findings are made by the court and such findings are supported by a preponderance of the evidence. Walker.
Affirmed in part; reversed in part.