586 So.2d 1293 (1991)
Tracey F. ROLLE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2614.
District Court of Appeal of Florida, Fourth District.
October 2, 1991.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Tracey F. Rolle appeals from a sentencing order. He contends that the trial court erred when it classified him as a habitual offender without making the required statutory findings of fact. We reverse and remand for resentencing.
The record shows that at the sentencing hearing the state recited appellant's record of prior convictions. The trial court, however, made no findings as required by section 775.084(1)(a). It stated only the following:
THE COURT: All right. It's the judgment of the law and the sentence of this Court, you're adjudicated guilty, sentenced to serve five years and classified as a habitual criminal, credit time served.
A trial court may impose a habitual offender sentence only by first making the statutorily required findings in a reported judicial proceeding. See Parker v. State, 546 So.2d 727 (Fla. 1989). In Walker v. State, 462 So.2d 452, 454 (Fla. 1985), the supreme court noted the fundamental nature of this statutory duty:
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible. It is clear that the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a habitual offender. Given this mandatory statutory duty, the trial court's failure to make such findings is appealable regardless of whether such failure is objected to at trial.
Id. at 454.
Accordingly, we hold that the trial court erred when it sentenced appellant as a habitual *1294 offender without the required findings of section 775.084(1)(a). We remand this case to the trial court for resentencing. On remand, the court may again consider whether the habitual offender statute should be applied. See Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988).
REVERSED and REMANDED.
GARRETT and FARMER, JJ., concur.