588 So.2d 303 (1991)
Mitchell L. McNEIL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-18.
District Court of Appeal of Florida, First District.
November 1, 1991.
Nancy A. Daniels, Public Defender, Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
We affirm appellant's judgment of conviction and sentence for dealing in stolen property. The trial court did not err in denying appellant's motion for judgment of acquittal. Neither did the trial court err in sentencing appellant as an habitual offender. However, we note that the "Order Determining Habitual Felony Offender" relies, for the requisite prior convictions, on convictions for two counts of forgery for which appellant was sentenced on the same day. We would have found this to be a violation of the holding in Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), requiring sequential convictions, had it not been for the fact that the transcript of the hearing held on this matter reveals that the trial court also relied on a 1975 conviction to establish the requisite two felony convictions under section 775.084(1)(a), Florida Statutes (1989). Accordingly, there is no violation of Barnes, but we remand the order for it to be amended to reflect the 1975 conviction.
Finally, appellant argues that section 775.084, Florida Statutes, as amended by *304 Chapter 89-280, Laws of Florida, is unconstitutional as violative of the one subject rule. However, because appellant could have been habitualized under the pre-amendment statute as well, we decline to consider this argument. See King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
ERVIN and SHIVERS, JJ., concur.