589 So.2d 381 (1991)
Steven SIMON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3086.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Steven Simon (Simon) appeals his conviction and sentence for battery on a police officer and resisting arrest with violence. *382 Simon raises six issues but only two have merit.
Simon was charged with attempted first degree murder (count I), depriving an officer of his means of protection (count II), resisting arrest with violence (count III), and possession of a firearm by a convicted felon (count IV).
We agree with Simon's contention that the trial court reversibly erred in refusing to instruct the jury on the justifiable use of non-deadly force. "When there is some evidence introduced to support an instruction on the theory of a defense, it is error for the trial court to fail to give the requested jury instruction." Heddleson v. State, 512 So.2d 957, 959 (Fla. 4th DCA 1987). In the present case, Simon was entitled to a jury instruction on the justifiable use of non-deadly force because it is a legitimate defense to the charge of battery on a police officer, a lesser included offense of count I. Furthermore, if believed by the jury, there was evidence which could support Simon's theory of defense that he used non-deadly force when he was tackled and shackled by the police.
In a somewhat similar factual setting, the First District stated that it was error for a trial court to fail to give a requested jury instruction on the justifiable use of non-deadly force. O'Steen v. State, 547 So.2d 235, 236 (Fla. 1st DCA 1989). In O'Steen, the defendant was charged with aggravated battery and found guilty of the lesser included offense of simple battery. His request for an instruction on the justifiable use of non-deadly force was denied, even though the lesser included offense of simple battery was on the verdict form. The O'Steen court reasoned that because simple battery was a possible verdict, an instruction on self-defense by force not likely to cause either death or great bodily harm should have been given. The First District did not reverse, however, because the state carried its burden to show that the error was harmless. Id. at 236; See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).
The instant case is similar to O'Steen. The defendant requested an instruction on the justifiable use of non-deadly force; the evidence, if believed by the jury, could support such a request; the lesser included offense appeared on the verdict form; and the defendant was convicted of that lesser included offense. Further, the state did not argue on appeal that the failure to give the requested instruction was harmless. Therefore, we conclude that the trial court reversibly erred in denying Simon's request for a jury instruction on the justifiable use of non-deadly force.
Simon's point that the trial court erred in sentencing him as a habitual offender is well taken. We agree with Simon's contention that the findings required by the habitual felony offender statute, section 775.084(1)(a) 3, 4, Florida Statutes (1989), were not met. A trial court must specifically make the findings required by section 775.084(1)(a) before sentencing a defendant as a habitual felony offender. Smith v. State, 573 So.2d 194, 194 (Fla. 3d DCA 1991).
In summary, we conclude that a jury instruction on the justifiable use of non-deadly force should have been given. Further, the trial court erred in sentencing Simon as a habitual felony offender because not all of the requisite statutory findings were made. Thus, we reverse the conviction and sentence, and we remand this matter to the trial court.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY and GARRETT, JJ., concur.