589 So.2d 1000 (1991)
Michael Edward HALE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3310.
District Court of Appeal of Florida, First District.
November 15, 1991.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant appeals the sentences imposed pursuant to his conviction for burglary of a structure and petit theft. Specifically, appellant contends that (1) section 775.084, Florida Statutes (1989), is unconstitutional because it violates the equal protection and due process clauses of the federal and state constitutions, is unconstitutionally vague, *1001 and violates the one subject rule of the Florida Constitution; (2) the written judgment reflecting a one year sentence for petit theft should be corrected to conform to the sixty-day sentence orally pronounced at sentencing; and (3) the imposition of court costs should be reversed due to lack of prior notice. We affirm in part, and reverse in part.
We reject appellant's equal protection, due process, and void for vagueness challenges to section 775.084, Florida Statutes (1989), with the observation that the arguments advanced by appellant have been analyzed in depth and rejected numerous times by this court and other district courts of appeal. See, e.g., Wagner v. State, 578 So.2d 56 (Fla. 1st DCA 1991); Wilson v. State, 574 So.2d 1170 (Fla. 1st DCA 1991), review denied, 583 So.2d 1038 (Fla. 1991); Smith v. State, 573 So.2d 1015 (Fla. 1st DCA 1991); Akbar v. State, 570 So.2d 1047 (Fla. 1st DCA 1990); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla. 1990); Arnold v. State, 566 So.2d 37 (Fla. 1st DCA 1990), review denied, 576 So.2d 284 (Fla. 1991); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla. 1990); Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991); Collins v. State, 571 So.2d 583 (Fla. 4th DCA 1990). Further, we decline to consider appellant's argument that section 775.084, Florida Statutes (1989), as amended by Chapter 89-280, Laws of Florida, violates the one subject rule of the Florida Constitution, see Art. III, § 6, Fla. Const. (1968), because appellant could have been sentenced as an habitual offender under the pre-amended version of the statute. See Jennings v. State, 413 So.2d 24 (Fla. 1982); Mitchell L. McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
With respect to the second issue, it is well settled that the written sentencing order must conform to the trial court's oral pronouncement. Timmons v. State, 453 So.2d 143, 144 (Fla. 1st DCA 1984). Therefore, the written sentencing order which reflects a one year sentence for petit theft must be corrected to reflect the sixty day sentence orally pronounced at the sentencing proceeding.
The third issue concerns the imposition of court costs without prior notice. In State v. Beasley, 580 So.2d 139 (Fla. 1991), the supreme court held that publication in Laws of Florida and Florida Statutes gives all citizens constructive notice of the consequences of their actions, and an opportunity to be heard is afforded at the sentencing hearing. Therefore, imposition of court costs without prior notice other than by publication does not offend due process. 580 So.2d at 142.
Accordingly, this cause is remanded with directions to correct the written sentencing order to reflect a concurrent sixty-day sentence for petit theft, rather than the one year sentence presently shown. In all other respects, the convictions and sentences appealed are affirmed.
ALLEN, J., and WENTWORTH, Senior Judge, concur.