JOANOS, Chief Judge.
Appellant seeks review of his sentence as an habitual felony offender, asserting that he did not receive the requisite prior written notice of the state’s intention to seek habitual felony offender sentencing. We affirm the sentence imposed, but remand the matter for correction of the written judgment.
An information charged that on June 20, 1990, appellant committed the offenses of burglary of a dwelling, a second degree felony, and assault. On December 7, 1990, appellant signed a plea, waiver, and consent form, pleading nolo contendere to a reduced charge of burglary of a structure. The plea form contains the following provision:
This No Contest plea is entered by Defendant in return for a reduction of the original charge to Burglary of a Structure, a third degree felony. There are no other special terms or conditions of this plea.
The plea was conditionally accepted, a pre-sentence investigation was ordered, and sentencing was set for January 15, 1991. On that date, the assistant state attorney advised the trial court that defense counsel had been served that day with notice of the state’s intent to seek habitual felony offender classification and sentencing. When the attorney advised that the documentation in support of appellant’s classification as an habitual felony offender had not been received, sentencing was deferred until February 12, 1991.
At sentencing on February 12, 1991, defense counsel announced to the trial court that appellant had stated he did not receive the notice of habitual offender status. Upon ascertaining that a copy of the notice had been received by appellant’s counsel, the trial court ruled that appellant had *518 been served. Based upon certified copies of appellant’s 1986 conviction of burglary of a structure, and 1980 conviction of burglary of a dwelling, the trial court adjudicated appellant guilty of burglary of a structure, found he qualified as an habitual felony offender, and imposed a sentence of ten years. However, the written judgment reflects adjudication for burglary of an occupied structure, a second degree felony, rather than the third degree felony of a structure set forth in the plea agreement and orally pronounced by the court at sentencing.
The sole issue raised in this appeal is whether written notice of the state’s intent to seek habitual offender classification must be served on the defendant, or whether service on defense counsel satisfies the requirements of section 775.084(3)(b), Florida Statutes (1989), which provides:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
Appellant contends that notice of his lawyer does not qualify as notice to him. In Showers v. State, 570 So.2d 377, 378 (Fla. 1st DCA 1990), the court decided the point adversely to appellant’s position.
Accordingly, appellant’s judgment of conviction and sentence as an habitual felony offender is affirmed, but the cause is remanded for correction of the scrivener’s error on the written judgment to conform to the plea agreement and the oral pronouncement.
WOLF and KAHN, JJ., concur.