PER CURIAM.
Arden Dell has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand for attachment of those portions of the record conclusively showing that Dell is entitled to no relief.
Dell pled nolo contendere to robbery and grand theft, and was sentenced as an habitual offender. The instant motion alleges: 1) that the habitual offender statute violates equal protection; 2) ineffectiveness of counsel in failing to raise that argument on appeal; 3) coercion of his plea by threats of a more severe sentence; and 4) the state’s failure to provide personal notice of its intent to seek habitualization. The trial court denied the motion, finding as to ground 3) that it was refuted by the written plea form, and that ground 4) was refuted by the certificate of service attached to the notice of intent to habitualize. Copies of the latter portions of the record were not attached to the order.
We affirm as to grounds 1), and 2). See Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991). With regard to ground 4), we affirm despite the court’s failure to attach supporting portions of the record, in that the allegation is without merit. See Meehan v. State, 590 So.2d 517 (Fla. 1st DCA 1991). However, ground 3), if true, might entitle Dell to relief. Therefore, the order must be reversed as to that ground, and the case remanded for attachment of a copy of that portion of the files and records conclusively showing that Dell is entitled to no relief or for an evidentiary hearing pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The order is in all other respects affirmed.
Affirmed in part, reversed in part, and remanded.
JOANOS, C.J., and SMITH and WIGGINTON, JJ., concur.