597 So.2d 353 (1992)
Scott Hezekiah JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-696.
District Court of Appeal of Florida, First District.
April 13, 1992.
*354 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Scott Hezekiah Johnson, appellant, seeks review of his sentence as a habitual felony offender following his conviction of burglary of a dwelling and grand theft. Because the trial court failed to make the findings required by section 775.084(1)(a), Florida Statutes (1989), we vacate the sentence and remand for resentencing. We reject appellant's other points on appeal.
Appellant first argues that the state's failure to comply with section 775.084(3)(b), Florida Statutes (1989), by filing a notice of intent to seek habitual felony offender sentencing prior to appellant's entry of his nolo contendere plea rendered his sentence illegal. The state argues that appellant knew it was going to seek an enhanced sentence under the habitual felony offender statute and therefore its failure to file the notice of intent prior to entry of the plea did not preclude the court from imposing an enhanced sentence. Section 775.084(3)(b), Florida Statutes (1989), states:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
While the state did not file a formal notice of intent to have appellant sentenced as a habitual offender until January 4, 1991, the day after appellant entered his plea, the plea agreement itself, signed by both parties on December 21, 1990, reflects the state's intent to seek sentencing as a habitual felony offender. Thus, we reject the lack of notice argument.
Appellant next argues that the sentence is illegal because, while the notice of intent was served on defense counsel, it was not served on appellant himself. This court expressly rejected the same argument in Meehan v. State, 590 So.2d 517 (Fla. 1st DCA 1991), and Showers v. State, 570 So.2d 377 (Fla. 1st DCA 1990).
Appellant's third argument is that the trial court committed reversible error in failing to make the findings required by the habitual offender statute. Section 775.084(1)(a) has been interpreted to mean that:
A trial court may impose a habitual offender sentence only by first making the statutorily required findings in a reported judicial proceeding. Parker v. State, 546 So.2d 727 (Fla. 1989). In Walker v. State, 462 So.2d 452, 454 (Fla. 1985), the supreme court noted the fundamental nature of this statutory duty:
We hold that the findings required by section 775.084 are critical to the statutory scheme and enable meaningful appellate review of these types of sentencing decisions. Without these findings, the review process would be difficult, if not impossible. It is clear that the legislature intended the trial court to make specific findings of fact when sentencing a defendant as a habitual offender. Given this mandatory statutory duty, the trial court's failure to make such findings is appealable regardless of whether such failure is objected to at trial.
*355 Id. at 454.
Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991). See also, Simon v. State, 589 So.2d 381 (Fla. 4th DCA 1991); Rowland v. State, 583 So.2d 813 (Fla. 2d DCA 1991); Smith v. State, 573 So.2d 194 (Fla. 3d DCA 1991). In the instant case, the trial court did not make any of the requisite findings. Rather, the court merely stated that appellant has a history of burglarizing other people's property, and that appellant has been on probation and community control and has even done state time. Because the trial court failed to make the findings required by section 775.084(1)(a), Florida Statutes (1989), we must vacate the sentence and remand to the trial court to determine, in the exercise of its discretion after making the requisite findings, whether the habitual offender statute should be applied to appellant. See Rolle v. State, 586 So.2d 1293, 1294.
We decline to consider appellant's final argument that even if the trial court had made the required findings they would not be supported by the record. On remand, the state may supplement the record to demonstrate that appellant's prior record satisfies the requirements of section 775.084(1)(a).
The appealed sentence is vacated and the case is remanded for resentencing in accordance with this opinion.
MINER and WEBSTER, JJ., concur.