602 So.2d 582 (1992)
Kurt VAN BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2057.
District Court of Appeal of Florida, Fourth District.
May 27, 1992.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant contends that his sentence as a habitual violent felony offender must be reversed because the trial court failed to find, as required by sections 775.084(1)(b)3 and 4, Florida Statutes (1989), that his prior conviction for robbery had not been pardoned or set aside. We reverse.
The state argues that since appellant failed to raise these arguments at sentencing, it had no duty to prove these two elements of the habitual offender statute. The First District Court of Appeal rejected a similar argument in Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1992) and reversed the defendant's sentence as a habitual offender. The Anderson court stated:
However, it must be acknowledged that the Supreme Court in Eutsey did refer to the requirements for habitual offender classification set forth in section 775.084(1)(a)3. and 4. as affirmative defenses, which in our view creates doubt as to the proper application of these statutory requirements. Therefore, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as one of great public importance:
Does the holding in Eutsey v. State, 383 So.2d 219 (Fla. 1980) that the state has no burden of proof as to whether the convictions necessary for habitual felony offender sentencing have been pardoned or set aside, in that they are "affirmative defenses available to [a defendant]," Eutsey at 226, relieve the trial court of its statutory obligation to make findings regarding those factors, if the defendant does not affirmatively raise, as a defense, that the qualifying convictions provided by the state have been pardoned or set aside?
*583 Id. at 1121. In Simon v. State, 589 So.2d 381 (Fla. 4th DCA 1991), this court held:
We agree with Simon's contention that the findings required by the habitual felony offender statute, section 775.084(1)(a)3, 4, Florida Statutes (1989), were not met. A trial court must specifically make the findings required by section 775.084(1)(a) before sentencing a defendant as a habitual felony offender.
Id. at 382. Based on this court's decision in Simon and the First District Court of Appeal's decision in Anderson, we hold that the trial court erred when it failed to make findings pursuant to section 775.084(1)(b)3 and 4.[1]
We decline appellant's invitation to reconsider this court's previous opinions declaring section 775.084, Florida Statutes (1989), as amended by Chapter 89-280, Laws of Florida, constitutional and not violative of the single subject rule. See McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), juris. accepted, 593 So.2d 1052 (Fla. 1992); Jamison v. State, 583 So.2d 413 (Fla. 4th DCA), rev. denied, 591 So.2d 182 (Fla. 1991). Appellant could have been habitualized as a habitual violent felony offender under the pre-amended version of the statute and therefore cannot rely on the unconstitutionality of the amendment to void his sentence. See Hale v. State, 589 So.2d 1000 (Fla. 1st DCA 1991); McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
Accordingly, we reverse appellant's sentence as a habitual offender and remand this matter to the trial court for resentencing. On remand, the trial court may again sentence appellant as a habitual offender upon making findings supported by the evidence pursuant to section 775.084(1)(b). We also adopt and certify the question certified in Anderson as one of great public importance.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN, C.J., and DELL and WARNER, JJ., concur.
NOTES
[1] We recognize that our holding conflicts with the Second District's holding in Stewart v. State, 385 So.2d 1159 (Fla. 2d DCA 1980).