WARNER, Judge,
concurring specially with opinion.
I concur in result only in that it appears from appellant’s extensive criminal history that he would have been habitualized under the pre-amended statute. Therefore, he cannot rely on the unconstitutionality of the amendment to void his sentence. See Hale v. State, 589 So.2d 1000 (Fla. 1st DCA 1991); McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
I do not agree with the holding of McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991) that the amendment did not violate the single subject rule. Reliance on Burch v. State, 558 So.2d 1 (Fla.1990), was misplaced. While in Burch a multitude of enactments were combined because they all related to a crime crisis which was specifically identified in the preamble of the legislation, no such nexus is found in the preamble of this legislative bill. Nor can I fathom the natural or logical connection between sections adding matters to qualify a criminal defendant for the purpose of ha-bitualization and sections regarding the regulation of repossessors of automobiles, the subject of the remaining portions of the bill. See Martinez v. Scanlan, 582 So.2d 1167, 1172 (Fla.1991).