605 So.2d 141 (1992)
Thomas WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0904.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
Rehearing Denied October 7, 1992.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Smith, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing En Banc Denied October 7, 1992.
PER CURIAM.
Appellant contends that his sentence as a habitual felony offender pursuant to section 775.084, Florida Statutes (1989), should be reversed. We affirm in part; reverse in part and remand for resentencing.
The only point meriting discussion is appellant's contention that his sentence must be reversed because the trial court failed to make the findings required by sub-sections 775.084(1)(a)3 and 4, Florida Statutes *142 (1989), that would establish his prior convictions had not been pardoned or set aside.
The state argues that because the appellant conceded his prior eleven convictions and did not apprise the court that any had been set aside or pardoned, he had waived the issue. The state also maintains that the appellant has the burden to raise the issue as an affirmative defense. We disagree.
The language of sub-sections 775.084(1)(a)3 and 4 simply require that the findings with regard to the predicate convictions must be made. Nonetheless, the state's contention stems from the Supreme Court's decision in Eutsey v. State, 383 So.2d 219 (Fla. 1980), which held that the state does not carry the burden of proof with respect to the predicate convictions.
However, we rely on the authority of Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); see also Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991) and Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992), to hold that a trial court must specifically make the findings required by section 775.084(1)(a) before sentencing a defendant as a habitual offender even if the defendant concedes the prior convictions and does not inform the court that they were pardoned or set aside. Therefore, the trial court erred when it failed to make the requisite findings before sentencing appellant.
It is true the Supreme Court's decision in Eutsey causes us concern as to the correctness of our conclusion here. Therefore, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the same question as we did in Van Bryant as one of great public importance:
DOES THE HOLDING IN EUTSEY V. STATE, 383 So.2d 219 (Fla. 1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE "AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT]," EUTSEY, AT 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED BY THE STATE OR SET ASIDE?
For the foregoing reasons we remand for resentencing. The state concedes that on remand, the judgment form should be corrected to reflect that appellant did not enter a plea of nolo contendere On remand, after making the requisite findings supported by evidence, the appellant may again be sentenced as a habitual offender. Anderson; Van Bryant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
LETTS, J., concurs.
GLICKSTEIN, C.J., concurs specially with opinion.
STONE, J., concurs specially with opinion with which LETTS, J., also concurs.
GLICKSTEIN, Chief Judge, concurring specially.
I concur with the reversal of Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992), and with the certification of the same question certified therein.
STONE, Judge, concurring specially.
I concur in reversing only because this court has resolved any issue as to the findings required by subsections (a)3 and (a)4 in Van Bryant v. State and in Simon v. State, 589 So.2d 381 (Fla. 4th DCA 1991). If I were writing on a clean slate, I would not mandate a trial court finding which has no basis in the record. The state does not have a burden to prove these points. Eutsey v. State.
Absent a dispute, I discern no reason to require a trial court to make a finding that a proven or undisputed prior conviction has not been set aside or been the subject of a pardon. In my judgment we would do no injustice to the statutory requirements by *143 recognizing that these particular subsections are waived by the defendant's failure to raise the issue.