605 So.2d 143 (1992)
PALM BEACH HOTEL CONDOMINIUM ASSOCIATION, Appellant/Cross Appellee,
v.
R. Julian ROGERS, Appellee/Cross Appellant.
No. 91-1317.
District Court of Appeal of Florida, Fourth District.
September 2, 1992.
Motion for Rehearing and Rehearing Denied October 7, 1992.
*144 Larry Klein and Randy Ellison of Klein & Walsh, P.A., and Kirk Friedland, West Palm Beach, for appellant-cross appellee.
Daniel S. Rosenbaum of Becker & Poliakoff, P.A., for appellee-cross appellant.
Motion for Rehearing and Rehearing En Banc Denied October 7, 1992.
LETTS, Judge.
At issue, is whether the trial court erred in permitting residential usage to the current owners of commercial limited common elements in a condominium. We reverse.
This building, built as a hotel in the early twenties, originally had a ballroom on the penthouse floor. In 1981, the developer converted the property into a hotel-type condominium, accompanied by the statutorily required, recorded declaration which contained some unusual provisions. For example, the developer retained the right to change the size, shape and use, of the over three-hundred and fifty units, providing he still owned them and appropriately amended the declaration. Sure enough, he sought to change the size, shape and use of some of the units, but did so without amending the recorded declaration. Those unauthorized changes formed the genesis for this particular litigation. The venture has so far not been a success and it has spawned many law suits, bankruptcies and foreclosures.
The current owner of the ballroom unit in dispute bought it from an institutional lender who had already foreclosed a mortgage thereon. The ballroom unit purchased was clearly labeled as a "commercial unit" and defined in the declaration as "a unit that shall be used for business or commercial purposes, unless converted into a condominium residential unit by amendment to this declaration." As we have already noted, the declaration has never been amended. Also set forth in the declaration, each condominium commercial unit was granted an accompanying "limited common element appurtenant to the unit to which it is appurtenant." In the case at bar, there were three limited common areas appurtenant to the main ballroom commercial unit purchased and all three were reserved for the sole use of the commercial ballroom unit. It is crystal clear from the foregoing language quoted from the declaration that these three limited common elements could not be used for any purpose not in accord with that of the main ballroom commercial unit. It is further set forth in the declaration that "each condominium commercial unit shall be occupied as a mercantile establishment" and that "neither the record title holder ... nor its agents, servants, invitees, licensees and patrons, shall use the unit either on a permanent or temporary basis (to include one night) as a sleeping accommodation."
Notwithstanding the above-quoted unequivocal language barring the use of the limited common elements as sleeping accommodations, the current owner of the ballroom commercial unit has, in fact, been using the appurtenant limited common elements for sleeping accommodations, either for himself or as rental units to be rented out to hotel visitors patronizing the premises. Needless to say, it is this residential use of these three limited common-element-areas to which the condominium association objects and we agree with those objections.
The current owner of the ballroom commercial unit, (which main ballroom unit he has never tried to rent) argues that at least two of these three appurtenant limited common elements were used as hotel rooms, before he made his purchase and with at least the tacit approval of the condominium association. Maybe so, but we do not believe that the condominium association is estopped to assert its rights under the declaration and under the facts of this case.
The current owner was well advised about the whole problem months before he *145 completed the purchase and the condominium association told him, in writing, well in advance of the closing that they would oppose his use of the limited common elements for residential purposes because those purposes were "inconsistent with the declaration of condominium." The current owner is a highly trained real estate banker, appraiser, mortgage lending officer and bank examiner, and under his purchase and sale agreement, he was not required to conclude the purchase if he could not use the limited common element spaces for residential purposes. In fact, he was informed he would be denied residential use but chose to complete the purchase. The record bears out that he bought this commercial ballroom unit and its appurtenances from the foreclosing bank at a very modest price in part because of these attendant problems set forth above which had been written up by the bank's MAI appraiser and furnished to the current owner. In our view, the current owner made his own bed, metaphorically speaking, and he must lie in it, though in literal terms he cannot sleep there. We find no justifiable reliance or hardship on behalf of this current owner in this case. Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981), reversed on different grounds, 421 So.2d 505 (Fla. 1982). Accordingly, that part of the final judgment requiring that he discontinue hotel room rentals is affirmed.
As to that part of the final judgment which upholds the residential use of the remaining limited common element by the current owner, we reverse. True, such a holding is omitted from the decretal portion of the final judgment, but elsewhere within its four corners the trial judge found that the use of that remaining limited common element as a residence by the current owner (as distinct from hotel room rentals to third persons) was not prohibited. We disagree. Reference to the basic organic declaration denies any residential use or any sleeping accommodation as to any of the limited common element appurtenances here under discussion. It is totally inconsistent to have any result which would not pertain to all three limited common-element-areas pursuant to the declaration. The express language of the declaration should control and be strictly construed. Brickell Bay Club Condominium Assoc., Inc. v. Hernstadt, 512 So.2d 994 (Fla. 3d DCA 1987), rev. denied, 520 So.2d 584 (Fla. 1988); Fountains of Palm Beach Condominium, Inc. No. 5 v. Farkas, 355 So.2d 163 (Fla. 4th DCA 1978).
We affirm the cross appeal.
AFFIRMED IN PART; REVERSED IN PART.
ANSTEAD and GUNTHER, JJ., concur.