PER CURIAM.
This cause is reversed upon the authority of Wilson v. State, 605 So.2d 141 (Fla. 4th DCA 1992), and remanded for resentenc-ing. We certify the same question as we did in Wilson and Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992):
DOES THE HOLDING IN EUTSEY v. STATE, 383 So.2d 219 (Fla.1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN' THAT THEY ARE “AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT],” EUTSEY, at 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED BY THE STATE OR SET ASIDE?
The other points on appeal are affirmed.
REVERSED AND REMANDED.
ANSTEAD, LETTS and STONE, JJ., concur.