PER CURIAM.
Appellant contends that his sentence as a habitual felony offender pursuant to section 775.084, Florida Statutes (1991), should be reversed.
We reject appellant’s contention that the trial court failed to make proper findings pursuant to section 775.084(l)(a)2, Florida Statutes (1991). We agree, however, that the trial court failed to make the findings required by subsections 775.084(l)(a)3 and 4, Florida Statutes (1991), that would establish his prior convictions had not been pardoned or set aside. See Wilson v. State, 605 So.2d 141 (Fla. 4th DCA 1992); Crosby v. State, 17 F.L.W. 2038, 1992 WL 211709 (Fla. 4th DCA 1992); Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991).
Accordingly, we remand for resentenc-ing, at which time the trial court, after making the requisite findings supported by evidence, may again sentence appellant as a habitual offender. However, here, as in Wilson and Crosby, we certify the same question as we did in Van Bryant as one of great public importance.
GLICKSTEIN, C.J., and POLEN and FARMER, JJ., concur.