DOWNEY, Judge.
Luchak was charged with armed robbery and grand theft. By agreement, the two points were severed and the case proceeded on the armed robbery count. At the close of the state’s case in chief and at the close of all of the evidence, Luchak moved for a judgment of acquittal. He contended then and now that the state failed to prove that a firearm was used. Those motions were denied, and the jury ultimately returned a verdict of guilty of robbery with a weapon, a lesser included offense of armed robbery.
On appeal, Luchak presents two points: one, that the trial court erred in denying the motion for judgment of acquittal, and two, that section 775.084, Florida Statutes (1989), violates the single subject rule of Article III, Section 6, of the Florida Constitution.
The record reflects that the manager of the store that was robbed testified that he observed what appeared to be a gun in Luchak’s possession, and that Luchak lifted it up and pointed the gun at him. However, another witness, the cashier in the store, did not see the gun. Nevertheless, the evidence adduced from the manager was sufficient to take the case to the jury on that question.
Based upon the manager’s testimony that he saw Luchak with a gun during the robbery, the court instructed the jury on the crime of robbery with a firearm. It then properly instructed on the lesser included offense of robbery with a weapon. Reddick v. State, 394 So.2d 417 (Fla.1981). Although there was no direct evidence of a weapon as opposed to a firearm, the trial court was required to charge on the necessarily lesser included offense of robbery with a weapon, and the jury had the power to exercise its pardon authority to find Luchak guilty of said lesser included offense. State v. Wimberly, 498 So.2d 929 (Fla.1986). We thus find no merit in Point I.
*495 In support of his second point, Luc-hak contends the statute authorizing enhanced penalties for habitual felony offenders is unconstitutional because it violates the single subject rule of the Florida Constitution. However, we do not consider his attack on Chapter 89-280, Laws of Florida, because Luchak would have been habitual-ized under the pre-amended statute as well. See Ingram v. State, 599 So.2d 785 (Fla. 4th DCA 1992); Gilbert v. State, 598 So.2d 1084 (Fla. 4th DCA 1992) (Warner, J., concurring specially); Hale v. State, 589 So.2d 1000 (Fla. 1st DCA 1991); McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991); Wright v. State, 579 So.2d 418 (Fla. 4th DCA 1991).
Accordingly, we affirm the judgment appealed from.
OWEN, WILLIAM C„ Jr., and WALDEN, JAMES H., Senior JJ., concur.