PER CURIAM.
This is an appeal from a conviction and sentence for sale of cocaine and resisting arrest without violence. The trial court declared Alfred Baskerville to be an habitual felony offender and sentenced him to thirty (30) years in the Department of Corrections. We affirm in part, reverse in part and remand.
On August 26, 1991, the state charged appellant with sale of cocaine and resisting an officer without violence. The state also filed a “Designation to Clerk of Court Career Criminal Unit” which caused appellant’s case to be sent to a special court for serious habitual offenders pursuant to Administrative Order No. 3.028-5/91.
On October 9, 1991, appellant was before the court to enter a plea. The plea agreement called for entry of a plea to the charge for sale of cocaine; in exchange, the state would nolle prosse the count for resisting arrest without violence. Appellant would be released from jail until sentencing on October 16, 1991. If appellant appeared for sentencing on that date and had committed no new offense, the sentence would be seven (7) years in the Department of Corrections as an habitual offender. If, however, appellant failed to appear for sentencing or committed a new offense, then the sentence would be thirty (30) years, also carrying the habitual offender status. The state and appellant executed a written plea agreement to this effect.
At the plea colloquy, the trial court conducted what can only be described as a thorough inquiry in order to determine whether appellant entered the plea knowingly, intelligently and voluntarily, and that he fully understood the rights he was waiving as a result of entry of the plea. The trial court asked the prosecutor what convictions he was relying on and the prosecutor listed convictions for burglary, attempted sale of cocaine, sale of cocaine, and uttering a forgery. Copies of these convictions were entered into evidence without objection and defense counsel stipulated to a factual basis therefor. After the colloquy, defense counsel entered a change of plea for appellant. The trial court accepted the change of plea, adjudicated appellant guilty and declared him an habitual offender. The court deferred sentencing until October 16, 1991.
On October 16, 1991, appellant failed to appear for sentencing and a warrant was issued for his arrest. On October 18, 1991, appellant was arrested. On October 21, 1991, appellant was before the trial court for sentencing. Defense counsel asked the court not to impose the higher sentence, because appellant had been intoxicated on October 16 and the intoxication had prevented him from appearing at sentencing. The trial court denied the request and sentenced appellant to thirty years (30) in prison in accordance with the negotiated plea agreement.
Appellant first argues that the special court for habitual offenders violates the separation of powers doctrine of Article II, Section 3 of the Florida Constitution, or Article V, Section 7 of the Florida Constitution, as well as section 43.30, Florida Statutes (1991). We agree with the state that appellant cannot challenge the constitutionality of the special court for the first time on appeal. Appellant has waived this issue. See Willie v. State, 600 So.2d 479 (Fla. 1st DCA 1992) (issue of constitutionality of creation of the Career Criminal Division does not involve fundamental error and thus, appellant was obliged to have raised it in the trial court).
Appellant next argues that the trial court erred when it failed to make findings on the record required by subsections 775.084(1)(a)3 and 4, Florida Statutes (1989), prior to declaring him an habitual offender. We agree. The trial court did not make specific findings with regard to the predicate convictions and did not make a finding that appellant had not been pardoned for these offenses. The state’s contention that because appellant concedes the prior offenses and did not apprise the trial court of any pardons, he waived this issue, lacks merit. The state also asserts that the existence of pardons is an issue which appellant must raise as an affirmative defense, with which we also disagree. See *511 Wilson v. State, 605 So.2d 141 (Fla. 4th DCA 1992); Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); Bolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991); and Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992). Accordingly, we hold that the trial court erred when it failed to make the requisite findings before sentencing appellant.
This court in Van Bryant and Wilson expressed a concern as to the correctness of this conclusion in light of Eutsey v. State, 383 So.2d 219 (Fla.1980), which held that information that a defendant was pardoned or that a prior conviction was set aside is an affirmative defense available to a defendant. Thus, we join the Van Bryant and Wilson Courts in certifying the following question, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES THE HOLDING IN EUTSEY V STATE, 383 S0.2D 219 (FLA.1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE “AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT],” EUT-SEY, AT 1226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED BY THE STATE OR SET ASIDE?
We remand for resentencing. On remand, the trial court may again sentence appellant as an habitual offender, provided it makes the required findings. Wilson, Anderson, Van Bryant.
We decline to address appellant’s final point, as that argument has several times been considered and rejected. See Mitchell v. State, 575 So.2d 798 (Fla. 4th DCA 1991); McCall v. State, 583 So.2d 411 (Fla. 4th DCA 1991), juris, accepted, 593 So.2d 1052 (Fla.1991); Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990).
DELL and POLEN, JJ., and SEIDLIN, LARRY, Associate Judge, concur.