PER CURIAM.
The trial court did not err when, on remand, it resentenced appellant as a habitual felony offender. See State v. Barnes, 595 So.2d 22 (Fla.1992); Smith v. State, 598 So.2d 1063 (Fla.1992). However, we must reverse appellant’s sentence because the trial court failed to determine and make the requisite findings that appellant’s prior convictions had not been pardoned nor set aside. See Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA1992).
Accordingly, we reverse appellant’s sentence as a habitual offender and remand this cause to the trial court for resentenc-ing. On remand, upon making the requisite findings supported by evidence, the trial court may again sentence appellant as a habitual felony offender.
REVERSED and REMANDED.
HERSEY, DELL and FARMER, JJ„ concur.