DOWNEY, Judge.
This is a timely appeal from a judgment adjudicating appellant Faison guilty of sale and delivery of a controlled substance (cocaine) and sentencing him as an habitual felony offender to seven years’ imprisonment.
Appellant presents two appellate points: 1) error was committed by the trial court in refusing to allow appellant to withdraw his plea of nolo contendere, and 2) the trial court erred in failing to make the specific findings required by section 775.084(l)(a), Florida Statutes (1989), when sentencing appellant as an habitual offender.
We find no merit in appellant’s contentions vis-a-vis Point I. However, as regards Point II, the law is clear that section 775.084(l)(a) requires the court to make specific findings in sentencing a defendant as an habitual offender. As this court said in Wilson v. State, 605 So.2d 141 (Fla. 4th DCA 1992):
However, we rely on the authority of Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991); see also Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991) and Van Bryant v. State, [602 So.2d 582] 17 F.L.W. D1343 (Fla. 4th DCA May 27, 1992), to hold that a trial court must specifically make the findings required by section 775.084(l)(a) before sentencing a defendant as a habitual offender even if the defendant concedes the prior convictions and does not inform the court that they were pardoned or set aside.
Id. at 142.
Accordingly, we reverse the sentence imposed and remand the cause for resentenc-ing, at which time the trial court may again sentence appellant as an habitual offender provided it makes findings, supported by evidence, as required by section 775.-084(l)(a). Banes v. State, 597 So.2d 975 (Fla. 4th DCA 1992); Meehan v. State, 526 So.2d 1083 (Fla. 4th DCA 1988). In all other respects the judgment appealed from is affirmed.
GUNTHER, J., concurs.
STONE, J., concurs specially, with opinion.