PER CURIAM.
Appellant John Cooper correctly argues that the trial court failed to make the requisite factual findings regarding his predicate convictions not having been set aside or pardoned as required under section 775.-084(l)(a)3. and 4. This is a prerequisite for sentencing a defendant as an habitual offender. We therefore reverse and remand on the authority of Van Bryant v. State, 602 So.2d 582 (Fla. 4th DCA 1992); Banes v. State, 597 So.2d 975 (Fla. 4th DCA 1992); Simon v. State, 589 So.2d 381 (Fla. 4th DCA1991); Rolle v. State, 586 So.2d 1293 (Fla. 4th DCA 1991); King v. State, 580 So.2d 169 (Fla. 4th DCA 1991) (en banc).
On remand, the trial court may again sentence appellant as an habitual offender, provided it makes the required findings. Van Bryant.
Appellant’s argument as to sufficiency of notice is without merit.
REVERSED AND REMANDED FOR RESENTENCING.
GLICKSTEIN, C.J., and LETTS and HERSEY, JJ., concur.