SACK, MARTIN, Associate Judge.
ON REHEARING
We granted appellant’s petition for rehearing, upon appellant’s contention that he had requested oral argument and furnished a copy of said request to the office of the Attorney General, but evidently there was no record thereof in the clerk’s office, and therefore oral argument was dispensed with. We have now heard the oral argument, and have further considered appellant’s contentions.
Appellant was charged with aggravated assault, by shooting one Sam Junior Stanley with a revolver. The incident occurred in a bar, and the evidence is undisputed that Sam Junior Stanley was in fact shot with a revolver.
The appellant’s position throughout the trial was that he did not do the shooting, knew nothing of the gun, the shooting was done by some unknown patron of the bar, and all that appellant did was to scuffle, at some point, with Sam Junior Stanley. This was the effect of the appellant’s own testimony.
During the trial, the court amended the information by inserting after the appellant’s name “also known as Doug Johnson”, as a result of the identification of the appellant as being known by the name of “Doug” or “Doug Johnson”. Such amendment was fully justified by Section 1.140 (d) (2) of the Florida Rules of Criminal Procedure, 33 F.S.A., as well as Section 906.08(5), Florida Statutes, F.S.A., since appellant was clearly identified, by whatever name, as the purported assailant.
Appellant further assigns as error the court’s failure to instruct on self-defense and on the lesser included offense of assault and battery.
Since there was never any question of self-defense, the appellant’s position throughout being that he never even fired the gun and knew nothing about it, he can hardly be heard to complain of the failure to give a wholly immaterial charge. As to' the request for a charge on a lesser included offense of assault and battery, the lesser offense must be an essential aspect of the major offense; and for an offense to fall in the category of possible included offenses, such inclusion depends upon the accusatory pleading and the evidence at the trial. Brown v. State, Fla.1968, 206 So.2d 377.
But, a simple assault and battery cannot be properly viewed as a lesser included offense within an aggravated assault accusation, under the facts of this case, since the state’s entire position rested entirely upon the shooting. If appellant did not do the shooting, and disclaimed knowledge of the gun, and the jury believed his version, he was entitled to an acquittal since the “scuffle” was not even a part of the shooting itself, according to appellant himself, and would have been an entirely separate offense, if indeed it even was an offense. Compare Tanner v. State, Fla.App.1967, 197 So.2d 842.
The remaining points on appeal are without substantial merit; and appellant having failed to clearly demonstrate harmful reversible error, the judgment below is affirmed.
WALDEN and MAGER, JJ„ concur.