458 So.2d 863 (1984)
Mark HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1590.
District Court of Appeal of Florida, Fourth District.
November 14, 1984.
*864 Patrick C. Rastatter of Glass, Rastatter & Tarlowe, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge
This is an appeal from judgments of guilty of battery on a law enforcement officer, driving under the influence of alcohol, and unlawful blood alcohol, entered pursuant to a verdict, and concurrent sentences of ten months, three months, and thirty days.
Evidence most favorable to the verdict reflects that at about 4 a.m. on June 27, 1982, Clinton Nye, then a deputy sheriff assigned to road patrol for the Broward County Sheriff's Department, saw a car with appellant at the wheel go across two lanes of Broward Boulevard in Fort Lauderdale and hit the median between the east and west bound lanes. Nye stopped the car, administered roadside tests, arrested appellant, handcuffed him, and put him in a sitting position on the back seat of Nye's patrol car for transportation to the Pembroke Pines Substation for a breathalyzer test. On the way, appellant lay down on the seat and attempted to kick out the left rear window of the police vehicle. After the second kicking Nye felt that appellant, who was a large person, would cut his leg; and if his foot went out the window he would damage himself and the vehicle. Nye pulled over and called for backup because appellant attempted to kick out the window on the door. Nye intended to open the door and flexcuff appellant's feet together. When Nye opened the door, appellant lunged out of the vehicle, hit Nye, and tried to run. Nye tackled him and there was a struggle. Appellant kicked Nye directly in the groin, inflicting pain. Deputy Feder arrived on the scene and assisted Nye in placing flexcuffs on appellant's feet.
The breathalyzer test revealed that appellant had a blood alcohol reading of 0.15. However, appellant testified he had had *865 only two beers with dinner and one drink in a bar around 3:30 a.m. He claimed that Nye beat him without provocation and his leg might have hit Nye's body, but he was not aiming to do that. He never intentionally kicked Nye.
The information filed in this case contained three counts: 1) battery on a law enforcement officer; 2) driving while under the influence of alcoholic beverages to the extent his normal faculties were impaired; 3) driving a vehicle while having a blood alcohol level of 0.10 percent.
Appellant filed two pretrial motions to sever the felony count from the two misdemeanor counts because they "were not based upon the same occurrence, connecting acts or transaction, and therefore, not triable in the same court." Those motions were denied. Later, appellant filed a motion for new trial on grounds having to do with denial of speedy trial motions.
On appeal Hamilton argues again that the charges were improperly joined because the battery charge was a felony and the alcohol charges were misdemeanors, and that the battery charge did not arise from and was unrelated to the alcohol charges. In addition, Hamilton for the first time asserts a defense of mutual contamination of the joinder of the several counts. He now contends that he was prejudiced by the denial of severance because he could have argued intoxication as a defense to the battery count. However, to have argued intoxication on the battery count would have demonstrated guilt to the other counts;[1] Hamilton says he was "caught between a rock and a whirlpool."
The grounds of a motion must be presented in the trial court and they must be specific so the trial judge can appreciate the problem being presented. Steinhorst v. State, 412 So.2d 332 (Fla. 1982). The only ground for severance presented to the trial court was the lack of relationship between the battery and alcohol offenses. Therefore, because appellant failed to preserve the objection argued here, it is waived and no reversible error is demonstrated on that part of the second appellate point. Absent the question of prejudice from mutual contamination, we hold the joinder in this case was not objectionable because the offenses were based on connected acts or transactions as provided in Florida Rule of Criminal Procedure 3.151(a). Appellant was arrested for DUI and was in the process of being taken to a substation to have a breathalyzer test administered when he perpetrated the battery on the officer.
Appellant also contends the trial court erred in refusing to give his requested instruction on self defense. Without determining whether self defense is an appropriate instruction to the charge of battery on a law enforcement officer, we hold that neither the pleadings nor the evidence in this case supports such a defense. Appellant either denied kicking the officer or contended that any kicking was unintentional.
In view of the foregoing, we affirm the judgment and sentence appealed from.
LETTS and WALDEN, JJ., concur.
NOTES
[1] We express no view on the propriety of arguing intoxication as a defense to one charge and lack of intoxication as a defense to another charge under the circumstances of this case.