## STATE OF FLORIDA v DENO

### Case No. 88-39461

Eleventh Judicial Circuit, Dade County

January 5, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**William D. Matthewman,** for defendant.

### OPINION OF THE COURT

RALPH N. PERSON, Circuit Judge. (Administrative Judge of Criminal Division)

#### *ORDER ON DEFENDANT'S MOTION TO CONSOLIDATE OFFENSES*

THIS CAUSE came on to be heard before the HONORABLE RALPH N. PERSON, Administrative Judge of the Criminal Division of the Dade County Circuit Court, on December 5, 1988, at 9:00 a.m. in Courtroom 4-3 of the Metro Justice Building, upon the Defendant's Motion To Consolidate Offenses, and the Court, having reviewed the file, heard argument of counsel, and being otherwise fully advised in the premises, it is thereupon,

ORDERED AND ADJUDGED:

1. The Defendant, ALEJANDRO DENO, was arrested on 11/13/88 for Driving Under the Influence of Alcohol (F.S. 316193), a misdemeanor currently pending in the County Court of Dade County, Florida under case number 82210-II. In an alleged search incident to said D.U.I. arrest, the defendant was charged with Carrying A Concealed Firearm (F.S. 790.01), a felony currently pending in the Circuit Court of Dade COunty under case number 88-39461 (15).

2. The Defendant has filed two motions to consolidate offenses, one in the County COurt and one in the Circuit Court. The Defendant seeks to consolidate the misdemeanor D.U.I. case with the felony C.C.F. case and have said cases jointly heard and tried by the Circuit Court.

3. On December 14, 1988, the Honorable County Court Judge Henry L. Oppenborn denied the Defendant's Motion to Consolidate Offenses.

4. On January 4, 1989, the Honorable Circuit Court Judge David L. Tobin denied an identical Motion to Consolidate Offenses filed by the Defendant, which denial was without prejudice to the defendant's removal of said motion before the undersigned Administrative Judge of the Circuit Court Criminal Division. The Honorable Circuit Court Judge David L. Tobin suggested at the hearing on said motion that said motion be heard by the undersigned Administrative Judge and defense counsel, William D. Matthewman, Esq., thereafter scheduled this matter before the undersigned Judge.

5. Both the County Court Judge and the Circuit Court Judge who denied the defendant's motions to consolidate offenses were uncertain of their jurisdiction to consolidate the misdemeanor and felony offenses before the Circuit Court Judge.

6. The Defendant has advanced the argument that the dual trials currently scheduled in County and Circuit Court would prejudice the defendant, lead to possibly inconsistent verdicts, and would cause the defendant to incur excessive legal fees and costs, all of which would be avoided if the two offenses were consolidated before the Circuit Court.

7. Florida Rule of Criminal Procedure 3.151 authorizes the consolidation of related offenses by the Court. *See also Hamilton v State,* 458 So.2d 863 (Fla. 4th DCA 1984) (joinder by State of D.U.I. case and Battery on a Police Officer case proper where Battery occurred while defendant was under arrest for D.U.I. and was being transported to substation).

8. The Defendant's Motion to Consolidate Offenses is hereby

**67**

GRANTED. The County Court case currently pending against defendant under case no. 82209/10-II is hereby consolidated with Circuit Court case no. 88-39461 (15) under the jurisdiction of the Circuit Court Judge assigned to said case.

DONE AND ORDERED in Dade County, Florida, on this 5th day of January, 1989.