W. SHARP, Judge.
The state appeals from an order granting C.E.’s motion to dismiss the juvenile delinquency petition filed against him. He was charged with riding a bicycle in violation of Orlando Municipal Ordinance, chapter 10, section 10.08. That ordinance prohibits persons from riding bicycles on the city streets without a bell or gong. C.E. was also charged with resisting arrest without violence.[1] Defense counsel moved to dismiss on the grounds that the ordinance was unconstitutional and that the stop was pre-textual. The court ruled the ordinance was unconstitutional, relying on Powers v. State, CJAP89-95 (Sept. 25, 1990). We reverse.
In Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991), this court recently upheld *1122 the constitutionality of this ordinance. In Thomas, we held that section 10.08 is a proper exercise of the city’s police power, that it does not conflict with constitutional or statutory limitations, and that it is not preempted by other statutes. We also upheld the power of a police officer to arrest a person who violates the ordinance in his presence.[2]
Accordingly, we reverse the order dismissing the petition against C.E. We remand for further proceedings. On remand, the trial court may consider and take further evidence (if necessary) on the question of whether the stop was pretextual, since it did not reach that issue prior to dismissing the petition.
REVERSED and REMANDED.
COWART, J., concurs.
HARRIS, J., concurs specially with opinion.

. Section 843.02, Fla.Stat. (1989).

. Section 901.15(1), Fla.Stat. (Supp.1990).