589 So.2d 943 (1991)
James Milton ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02149.
District Court of Appeal of Florida, Second District.
October 11, 1991.
Rehearing Denied December 10, 1991.
James Marion Moorman, Public Defender, and John S. Lynch, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Roberta G. Mandel, Asst. Atty. Gen., Miami, for appellee.
*944 LEHAN, Acting Chief Judge.
Defendant was convicted of aggravated battery in violation of section 784.045, Florida Statutes (1989), and of resisting an officer without violence in violation of section 843.02. We do not agree with his contentions regarding his conviction under section 843.02 and affirm his conviction for that crime without further comment. However, portions of his two contentions pertaining to his conviction under section 784.045 have merit. Accordingly, we reverse and remand for a new trial with regard to that conviction.
Defendant's first contention regarding his conviction for aggravated battery is that the trial court erred in denying his request for an instruction of self-defense. When the trial court instructed the jury on aggravated battery and the lesser included offense of simple battery, it failed to give requested defense instructions on the justifiable use of deadly force pertaining to the aggravated battery instruction and on the justifiable use of non-deadly force pertaining to the simple battery instruction.
With regard to the aggravated battery jury charge, the trial court did not err in declining to give an instruction on the justifiable use of deadly force. The state's case was that defendant cut the victim with a knife during a barroom brawl. At trial, defendant took the stand and denied ever using a knife on the victim. Under these circumstances, the trial court ruled properly. See Hamilton v. State, 458 So.2d 863, 865 (Fla. 4th DCA 1984); Richardson v. State, 251 So.2d 570, 571 (Fla. 4th DCA 1971). See also Mewes v. State, 517 P.2d 487, 489 (Wyo. 1973) ("In both homicide and assault and battery cases where the accused denies the commission of the act he has been held not entitled to an instruction on self-defense... .").
However, with regard to the simple battery jury charge, we conclude that the trial court erred in declining to give an instruction on the justifiable use of non-deadly force. There was evidence, namely defendant's testimony, that would have supported that instruction. Under similar circumstances, O'Steen v. State, 547 So.2d 235 (Fla. 1st DCA 1989), employing a harmless error analysis, concluded that the trial court's failure to instruct on a defense applicable to a lesser included offense could be reversible error. In the instant case, the state failed to carry its burden of showing that the error was harmless beyond a reasonable doubt. Id. The record indicates that the testimony was conflicting and murky, which is not surprising since the circumstances involved a drunken barroom brawl in close, crowded quarters, and the sobriety of the participants and eyewitnesses was doubtful at best.
Defendant's second contention also has merit. We agree that the trial court erred in not permitting defense counsel to impeach the testimony of a key state witness with a prior inconsistent statement she had made. See § 90.608(1)(a).
Defendant's conviction for resisting an officer without violence is affirmed. His conviction for aggravated battery is reversed and the cause is remanded for a new trial in that regard.
Affirmed in part; reversed in part and remanded for a new trial.
HALL and THREADGILL, JJ., concur.