PETERSON, Judge.
Appellant raises for the first time on appeal the defense that his conviction for resisting arrest without violence should be reversed because the underlying arrest, for violating a municipal public park curfew ordinance, was pretextual and, alternatively, because the ordinance is unconstitutional. We affirm the conviction and sentence.
Appellant relies upon In Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990), in support of his allegation that his failure to raise the pretextual issue at trial is not fatal since the error is fundamental. The issue of pretext, however, was not raised in T.M.M. In T.M.M., a co-defendant was charged and convicted of resisting arrest without violence. The district court reversed the conviction on the basis of the insufficiency of the evidence even though the defendants failed to renew their motions for judgment of acquittal at the close of all the evidence. The district court found the state had failed to present sufficient evidence to establish a prima facie case of resisting arrest without violence since the underlying arrest was unlawful and an essential element of resisting arrest without violence is proof of lawfulness of the arrest. The court observed the defendant’s flight in a high drug area where he had been arrested the week before for pos *501 session of marijuana did not constitute reasonable suspicion to believe a crime was being or had been committed and that consequently the defendant’s arrest was unlawful. No mention of pretext was made in the opinion, and, thus, appellant’s reliance upon it is misplaced.
A further difference between T.M.M. and the instant case is that, in T.M.M., the underlying cause for the arrest was unlawful from the time of the contact between the police and the defendant, while in the instant case the arrest for violation of the curfew ordinance was lawful absent an illegal, pretextual motive. The arrest for violation of the ordinance occurred before appellant resisted but after appellant said no to the officer’s request for a patdown search. Although no drugs were found on the appellant, one police officer testified that she heard her partner say that he knew the appellant possessed crack cocaine. The appellant, however, never asked the trial court to weigh those circumstances against the validity of the initial arrest. Appellant’s arrest for the ordinance violation may have been pretextual,[1] but the record before this court does not clearly support this possibility. The violation of the curfew ordinance gave the arrest the color of legality. It became the trial court’s duty, if requested, to determine whether this underlying arrest may have been illegal because of its pretextual context. See State v. C.E., 583 So.2d 1121, 1122 (Fla. 5th DCA 1991) (In delinquency petition case in which juvenile was charged with violating municipal bicycle ordinance and resisting arrest without violence, this court said that trial court improperly held ordinance unconstitutional but on remand permitted it to consider “question of whether the stop [for violating the bicycle ‘gong’ ordinance] was pretextual, since it did not reach that issue prior to dismissing the petition.”). In the instant case, the objection as to pretext should have been made at the trial level where it could have been explored fully. Hamilton v. State, 458 So.2d 863, 865 (Fla. 4th DCA 1984).
We reject appellant’s argument which was based on the dissent in Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991) (en banc), that the curfew ordinance is invalid. C.E., 583 So.2d 1121. We note further that appellant also should have raised this issue below. See Trushin v. State, 425 So.2d 1126 (Fla.1982).
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.

. To determine whether a stop is a mere pretext, an objective standard is applied to determine if, under the facts and circumstances, a reasonable officer would have exercised a stop absent an additional invalid purpose. Thomas v. State, 583 So.2d 336, 338 (Fla. 5th DCA 1991) (en banc).