634 So.2d 1144 (1994)
Eric R. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1181.
District Court of Appeal of Florida, Fourth District.
April 13, 1994.
*1145 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of battery upon two police officers. We reverse and remand for a new trial because appellant was entitled to a requested instruction on self-defense.
We reach the issue not reached in Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984), and conclude that a self-defense instruction is applicable to a charge of battery on a police officer, even though it is not applicable to a charge of aggravated assault. See Williams v. State, 597 So.2d 377 (Fla. 2d DCA 1992); Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982); Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA), rev. denied, 418 So.2d 1281 (Fla. 1982). The question here then becomes whether such an instruction can be sufficiently supported by circumstantial evidence from which the jury might infer that appellant had the state of mind necessary for self-defense. We found no case that directly addressed this question. However, circumstantial evidence is admissible to prove other states of mind, such as intent and premeditation. Phippen v. State, 389 So.2d 991 (Fla. 1980); Coester v. State, 573 So.2d 391 (Fla. 4th DCA 1991); Cooper v. Wainwright, 308 So.2d 182 (Fla. 4th DCA), cert. dismissed, 312 So.2d 761 (Fla. 1975). Therefore, it seems logical that a jury might also reasonably infer from the circumstantial evidence presented that appellant had the state of mind necessary for a theory of self-defense, i.e., that appellant believed that his conduct was necessary to defend himself against imminent unlawful force.
In fact, since the jury found appellant guilty of battery on two police officers, they must have inferred from circumstantial evidence the intent required for that crime. Appellant did not testify to such an intent and, in fact, testified that he did not remember hitting the officers.[1] Since the jury presumably inferred an intent to strike the police officers, it seems reasonable that they could have also inferred that appellant had the belief required for self-defense. Therefore, this issue should have gone to the jury.
GLICKSTEIN, GUNTHER and STEVENSON, JJ., concur.
NOTES
[1] Appellant had ingested several different prescription medicines and apparently had consumed about seven alcoholic drinks on the night in question. Consequently, according to his testimony, appellant could remember only bits and pieces of the incident at issue.