681 So.2d 852 (1996)
Donald Eugene WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-283.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
Thomas E. Cushman, St. Augustine, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Donald Eugene Wright appeals his conviction for resisting a law enforcement officer with violence, a violation of section 843.01, Florida Statutes (1995). Wright raises two issues on appeal. First, Wright argues that the trial court erred in refusing his request to instruct the jury on self-defense. Second, he challenges the sufficiency of the evidence *853 presented against him at trial. We affirm the conviction.
In the early morning hours of January 14, 1996, Police Officers Mark Bianci and Jeff Cunningham observed Wright, who matched a "be on the lookout" report issued by the St. Augustine Police Department. Officer Bianci obtained Wright's identification and patted him down for weapons. The patdown yielded a crack pipe and one piece of crack, but no weapons.
When Officer Bianci instructed Wright to turn around, Wright turned and ran. The evidence showed that Officer Bianci made three attempts to apprehend Wright, but Wright pushed and fought him off. Officer Cunningham eventually tackled Wright and sat on his back. The officers testified that they had difficulty holding Wright because he was struggling, kicking, and flailing his arms and legs. Officer Bianci struck Wright three times "around the head and shoulders" to subdue him. In addition, Officer Cunningham held one of Wright's arms behind his back in an "arm bar" in order to handcuff him.
Wright testified that Officer Cunningham held him in a "hog-tie position," completely cutting off his breathing. In addition, Wright stated that Officer Bianci kicked and beat him as he lay on the ground, rendering him unconscious. However, Wright denied hitting or kicking either officer. Furthermore, when asked, "Did you violently resist either of those police officers?", Wright responded, "No, sir, I didn't."
Wright requested Florida Standard Jury Instruction (Criminal) 3.04(e), Justifiable Use of Nondeadly Force, arguing his entitlement to an instruction on self-defense. The trial court denied his request, reasoning that Wright failed to affirmatively show self-defense.
On appeal, Wright argues that he introduced sufficient circumstantial evidence of excessive police force to support the inference that he had the requisite state of mind for self-defense. Wright relies on Johnson v. State, 634 So.2d 1144, 1145 (Fla. 4th DCA 1994), which held that a defendant, on trial for battery on two police officers, was entitled to a self-defense instruction though he testified that he could not remember hitting the officers. The court reasoned that since the jury had to infer the defendant's intent to strike the officers, if properly instructed, it could likewise have inferred that he had the belief necessary for self-defense. Id.
Johnson is inapplicable in this case, however. The defendant in Johnson did not deny hitting the officers; rather, he could not remember doing so. Wright, on the other hand, denied under oath resisting Officers Bianci and Cunningham with violence. A criminal defendant may present inconsistent defenses as long as proof of one does not disprove the other. Moyer v. State, 558 So.2d 1045, 1046 (Fla. 5th DCA), rev. denied, 574 So.2d 142 (Fla.1990). Johnson comports with this rule. A jury's determination that the defendant acted in self-defense would in no way disprove his alleged lack of memory.
Conversely, Wright's alternative theories are not merely inconsistent, they are diametric. Wright denied under oath hitting, kicking or resisting the officers with violence. Indeed, the picture Wright painted of the incident is that he offered no resistance in the face of excessive police force. Thus, proof that Wright defended himself would necessarily disprove his sworn testimony that he put up no resistance at all. Because Wright denied resisting Officers Bianci and Cunningham with violence, the trial court correctly refused Wright's request to instruct the jury on his justifiable use of nondeadly force. Moyer. See Abbott v. State, 589 So.2d 943 (Fla. 2d DCA 1991) (holding that aggravated battery defendant not entitled to instruction on justifiable use of deadly force where defendant denied on the stand using knife on victim).
Wright's challenge to the sufficiency of the evidence fails, as well. One violates section 843.01, Florida Statutes (1995), by "offering or doing violence" to a law enforcement officer. Thus, the state was not required to prove that Wright actually struck either officer. Evidence that Wright struggled, kicked, and flailed his arms and legs was sufficient to show that he offered to do violence to the officers within the meaning of *854 section 843.01. State v. Davis, 652 So.2d 942 (Fla. 5th DCA 1995); State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981).
AFFIRMED.
PETERSON, C.J., and ANTOON, J., concur.