BLUE, Judge.
George Grady Smith appeals his conviction and sentence for burglary with a battery. He raises four issues for our consideration, one of which requires that we reverse and remand for a new trial. We reverse because the trial court erred when it granted the State’s request for a jury instruction on justifiable use of nondeadly force over the objection of Smith.
The victim was in her apartment taking a bath when she discovered a strange man with a shirt over his head going through her purse. Grabbing a towel, she exited the tub and encountered the intruder. She struck him and ran toward the apartment’s only exterior door. She managed to get the door only slightly opened before the man grabbed her and began to choke her. During the struggle that followed, the shirt came off the man’s face. The victim ran to the kitchen and armed herself with a kitchen knife. The intruder then left the apartment. A woman visiting the victim’s neighbor observed the man leaving the victim’s apartment for a period of less than five seconds.
Smith was subsequently identified by the victim and the woman as the intruder and charged with burglary with a battery committed therein in violation of section 810.02(2), Florida Statutes (1993). Smith’s defense at trial was misidentification. Smith defended on the basis that descriptions of the intruder given by the victim and the other *633 eyewitness soon after the incident differed from each other and from Smith’s actual physical appearance.
Although Smith’s sole defense was misidentification, the State requested that the jury be charged on the defense of justifiable use of force (self-defense). The trial court overruled Smith’s objection and gave the instruction. In support of the instruction, the State argued that Smith might try to claim self-defense during his closing argument. It appears this claim would be unavailing without the instruction on self-defense objected to by Smith.
A defendant is not entitled to an instruction on self-defense unless there is evidence to support the instruction. See Abbott v. State, 589 So.2d 943 (Fla. 2d DCA 1991). The person who committed this crime was in the victim’s apartment illegally and there is no justification for a claim of self-defense under these circumstances. There was no other evidence presented at trial by Smith or the State which would have entitled Smith to an instruction on self-defense. Given the requirement of an evidentiary basis for the giving of an instruction, we can think of no theory which would permit the State to have the jury instructed on self-defense.
Justifiable use of force (self-defense), insanity, entrapment, voluntary intoxication, and alibi are all listed as affirmative defenses in Florida Standard Jury Instructions in Criminal Cases 3.04. These instructions, with the exception of alibi, presume that the charged defendant is the person who committed the crime, and suggest to the jury there exists a legal excuse for the defendant’s criminal conduct. Self-defense, as most of the other defenses, results in a tacit admission that the defendant committed the crime at issue. In this case, the State employed the self-defense instruction to argue to the jury in closing that Smith did not act in self-defense when he battered the victim. Thus, the State was allowed to argue that Smith should not be excused of his criminal conduct. While at the same time, Smith, throughout the trial, contended he was not the intruder in the victim’s apartment and this was a ease of misidentification. The instruction was completely inconsistent with Smith’s defense in this case and we cannot say it was harmless error.
Smith also complains that the trial court erred in denying a mistrial when the State argued during closing that Smith intended to commit a sexual battery against the victim. There was no testimony presented from the victim nor can we find any evidence in the record which would support such a theory. The intruder was found going through the victim’s purse and a tussle occurred which resulted in the burglary with a battery charge—there were never any allegations that the intruder attempted or intended a sexual battery. Because we are reversing on the improper instruction to the jury, we need not reach the question as to whether this would be sufficient grounds for reversal. However, without evidence in the record to support an argument of this inflammatory nature, it would be improper for the prosecutor to repeat it. The trial court ruled the State could not argue that the intruder had the intent to commit a sexual battery “[bjecause it wasn’t alleged and because it hasn’t been proved.” The next words out of the prosecutor’s mouth were, “I submit to you the purse then took a secondary issue in this particular case. He saw this woman with no clothes on and now he had something else on his mind.” The trial court again denied the motion for mistrial.
Because a retrial in this case is required, we also point to the following comment made by the prosecutor without objection:
[Defense counsel] talked to you about proving a negative. When you can prove a negative, this isn’t a question of who stole a shirt. This is a question of where you were at a given day. And for him to say my client didn’t have to testily because he can’t prove a negative, he could have certainly told us where he was on June 9, 1994. So don’t let that analogy come into play. This isn’t a question of a shirt missing and proving a negative.
(Emphasis added.) This argument constituted a comment on Smith’s right to remain silent and should have resulted in mistrial upon a proper objection and motion. See Abreu v. State, 511 So.2d 1111, 1113 (Fla. 2d *634 DCA 1987). In addition, this argument shifted to Smith the obligation to prove his innocence which is clearly improper. See Hayes v. State, 660 So.2d 257, 265 (Fla.1995); Jackson v. State, 575 So.2d 181, 188 (Fla.1991).
We regret that a new trial is required in this case, understanding the problems for witnesses in general and, in particular, the victim in this case. As a result of the over-zealousness of the prosecutor and his unwillingness to abide by the rules, the victim will now be required to again testify about what certainly must be one of the most unpleasant incidents in her life.
Because the trial court erred when it charged the jury with the defense of justifiable use of nondeadly force at the State’s request, we are required to reverse. Accordingly, we reverse and remand this matter for a new trial.
FRANK, A.C.J., and PATTERSON, J., concur.