705 So.2d 102 (1998)
Charlotte WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1856.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
*103 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Charlotte Wright was convicted of attempted battery on a law enforcement officer, disorderly conduct and reckless driving. We reverse and remand for a new trial on the battery charge because Wright was entitled to her requested instruction on selfdefense.
Wright got into a verbal confrontation with employees at the tire mounting area of Sam's Club. After being told by the police to leave, Wright drove away, squealing her tires as she sped through the parking lot and ran a stop sign. Because of the traffic violations, the police followed Wright to a service station, where she left her car and went to a pay phone.
The police told Wright to stop and informed her that she was under arrest. Wright ignored the command and continued walking toward the store while yelling at the officers. One of them again told Wright to stop and grabbed her arm. According to the officers, they had to take Wright to the ground to control her. When Wright hit the pavement, her hands were underneath her body and she was struggling. One officer testified that Wright bit him when he was trying to pry her hands from underneath her body to handcuff her. The bite did not break the skin. After Wright bit the officer, the other officer used pepper spray to subdue her.
Wright's version of events at the service station was that the officers charged her from behind without warning and threw her down. She asserted that one officer beat her with a black stick. Another officer handcuffed her. Wright claimed that while she was on the ground and after she was handcuffed, one officer sprayed mace in her face and tried to get it in her mouth. As to the bite, Wright said that she was concerned about keeping the mace out of her mouth. On direct and cross-examination, Wright testified that she did not remember biting an officer. On redirect examination the following exchange occurred:
[Defense attorney]: Did you ever intend to bite any officer?
Wright: No. It wasn't my intentions [sic] to bite. The only thing, I was trying to keep my mouth closed from the mace getting into my mouth, due to the medications that I'm attending.
Q: When you say you don't remember, are you showing it's possible that a hand came in contact with your mouth?

*104 A: Yes. The hand. But I wasn't trying to do anything intentionally.
Wright was charged with disorderly conduct, reckless driving, and, for the biting incident, battery on a law enforcement officer. On the battery charge, defense counsel requested an instruction on justifiable use of non-deadly force[1] which the court denied. A jury found Wright guilty of disorderly conduct, reckless driving and attempted battery on a law enforcement officer. On the attempted battery, she was adjudicated guilty and placed on probation for one year. For the other crimes, she was sentenced to time served.
Wright argues that the trial court erred in refusing to instruct the jury on justifiable use of non-deadly force. We agree and reverse.
A defendant is "entitled to a jury instruction on his theory of the case if there is any evidence to support it," no matter how flimsy that evidence might be. See Garramone v. State, 636 So.2d 869, 870 (Fla. 4th DCA 1994); Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987). One theory of the defense was that the bite occurred in the midst of an unprovoked police beating. It is well settled that while a person cannot use force to resist an arrest, a person "may resist the use of excessive force in making the arrest." See State v. Holley, 480 So.2d 94, 96 (Fla.1985). Standard Criminal Jury Instruction 3.04(e) embodies this legal principle.
A self-defense instruction for the charge of battery on a police officer can be supported by circumstantial evidence from which a jury could infer that the defendant believed that his conduct was necessary to defend himself from an officer's use of excessive force in making an arrest. See Johnson v. State, 634 So.2d 1144, 1145 (Fla. 4th DCA 1994). To raise self-defense, a defendant does not have to testify directly about his intent behind an act occurring in the past, or that he made a conscious decision to defend himself in a certain way. Not remembering an event does not preclude the possibility of either an intentional act or an accident. From the circumstances surrounding an arrest made with excessive force, a jury might infer that a defendant reasonably believed that responsive force was reasonable and necessary and, therefore, proper. As the second district stated in Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972)
[i]t is not the quantum or the quality of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced, either upon crossexamination of State witnesses or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.
Inconsistencies in defenses are permitted so long as the proof of one does not necessarily disprove the other. See Kiernan v. State, 613 So.2d 1362, 1364 (Fla. 4th DCA 1993) (evidence suggesting stabbing was accidental does not vitiate entitlement to selfdefense instruction where there is also evidence supporting the justifiable use of force defense). If a defendant denies that a battery occurred, or disavows all involvement in a battery, then his defense is irreconcilable with self-defense so that it is proper to refuse an instruction on justifiable use of non-deadly force. See Richardson v. State, 251 So.2d 570, 571 (Fla. 4th DCA 1971); Wright v. State, 681 So.2d 852, 853 (Fla. 5th DCA 1996). For example, in Richardson, this court found no error in failing to charge on self-defense where the defendant contended that a shooting was committed by an unknown patron of the bar. In Wright, the defendant flatly denied kicking or hitting arresting officers, asserting that he offered no *105 resistance at all in the face of excessive police force. The fifth district held that these claims of total passive nonresistance cancelled the theory of self-defense, so that no self-defense jury instruction was required.
On the other hand, where a defendant does not remember committing a battery, and there is evidence from which the jury might infer that the defendant was acting in self-defense, an instruction on justifiable use of non-deadly force should be given if requested. See Johnson, 634 So.2d at 1145. A lack of memory does not irreconcilably disprove a self-defense claim, distinguishing this case from Wright and Richardson.
In this case, Wright never denied biting the officer. Nor did she blame someone else's teeth. She testified that she did not remember that part of the incident. In light of that, combined with Wright's testimony that the officer was beating her and that she closed her mouth to prevent mace from entering it when the officer's hand was close by, it was error to refuse to give the requested self-defense instruction. If they believed Wright's version of the facts and had been properly instructed, the jury could have concluded that her actions were defensive and reasonable during the heat of a police beating.
Hamilton v. State, 458 So.2d 863 (Fla. 4th DCA 1984), cited by the state, does not compel a different result. Hamilton upheld a trial court's refusal to give a self-defense instruction in a trial involving a battery on a law enforcement officer. Unlike this case, where one view of the evidence would support a self-defense instruction, the only evidence in Hamilton was that the defendant never struck the officer or that the improper touching was purely accidental.
We note that this case has not extended the defense of justifiable use of non-deadly force to all battery on police officer cases. The defense in such cases applies only in those situations covered under the standard jury instruction and Holley, where there is an issue of excessive force in making an arrest. Whether a police officer used excessive force and whether a defendant used reasonable force in response are jury questions under the current law.
REVERSED IN PART AND REMANDED.
GLICKSTEIN, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring in the result only.
I agree that the defendant's testimony to the effect that the police suddenly attacked and beat her without saying or otherwise indicating to her that she was under arrest creates a jury question as to her use of force against the officers and that she was entitled to an appropriate jury instruction. As we recently held in Elliot v. State, 704 So.2d 606 (Fla. 4th DCA 1997), a defendant is entitled to have the jury instructed that a charge of resisting arrest requires that the arrestee be given notice by word or circumstance that she is being detained and only after such notice could she properly be charged with resistance. On this basis only, I join in the reversal.
I also have difficulty with the majority's statement that "[n]ot remembering an event does not preclude the possibility of either an intentional act or an accident." Op. at ___, It is not apparent to me how the defendant's testimony that she does not remember biting the officer would support her defense of justifiable use of force. While I agree that, in the abstract, a lack of memory of an event would not preclude the possibility that the event involved intentional conduct, the lack of memory does nothing to imply that one was justifiably resisting what the officers failed to communicate was an arrest. It seems to me that the defendant's lack of memory as to the biting of the officer may be irrelevant to whether her use of force justifiably exonerates her from resisting arrest.
Defendant's testimony that she was suddenly attacked by the officers without prior warning or notice that she was under arrest was enough in my mind to support her request for an instruction on the justifiable use of force as a defense to the charge of resisting arrest. As we said in Elliot, before a *106 defendant can be held accountable for resisting an arrest, she must be given notice by word or circumstance that she is under arrest and should therefore cease all resistance. I join in reversing only on that basis.
NOTES
[1] A pertinent portion of the jury instruction is the following:

A person is not justified in using force to resist an arrest by a law enforcement officer who is known to be or reasonably appears to be a law enforcement officer.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend herself, but only to the extent that she reasonably believes such force is necessary.
Fla. Std. Jury Instr. (Crim.) 3.04(e), pp. 44  45b.