DAVIS, Judge.
Charles Herman Williams, Jr., challenges his conviction and five-year sentence for one count of felony battery, a lesser-included offense of the charge of aggravated battery. Because the trial court failed to instruct the jury on the justifiable use of nondeadly force as requested and because this error was not harmless, we reverse Williams’ judgment and sentence and remand for new trial.
It is undisputed that an altercation occurred between Williams and the victim. The victim claims that Williams attacked him without provocation and used a knife to cause a laceration in his arm that required stitches. Williams claims that the victim started the fight and that he simply wrestled with the victim to defend against the attack. Williams also claims that he did not use a knife in the fight and suggests that the victim may have acquired the cut from broken bottles or tree roots located on the ground where the fight occurred. No other eye witnesses testified at trial, and the investigating detective testified that he was unable to obtain useful witness statements from those present and that he did not recover a knife during the investigation. There was no medical evidence presented regarding the cause of the laceration and the photographs of the wound show a jagged cut the cause of which is not readily identifiable.
Williams’ counsel requested jury instructions on the justifiable use of deadly force on the charged offense and requested an instruction on the justifiable use of nondeadly force on the two lesser-included offenses — felony battery and simple battery. Because Williams denied using a knife in the fight, the trial court properly denied the request for the instruction on the justifiable use of deadly force for the aggravated battery charge. See Jemmott v. State, 779 So.2d 472, 474-75 (Fla. 2d DCA 2000). The record reflects that the trial court acknowledged that the requested instruction for the justifiable use of nondeadly force would be proper for the simple battery charge but concluded that it would not apply to the felony battery charge because of the knife wound. We see no significant distinction between the applicability of the instruction to these two charges under the facts of this case.
A conviction for battery requires a finding that the defendant intentionally touched or struck the victim against his or her will or that the defendant intentionally caused bodily harm to the victim. § 784.03(l)(a), Fla. Stat. (2008). A felony battery conviction requires a finding that the defendant actually and intentionally touched or struck the victim against his or her will and that the touching caused great bodily harm, permanent disability, or permanent disfigurement. § 784.041(1).
Applying the elements of either of these offenses to the instant facts, the requested instruction on the justifiable use of nondeadly force could apply. If the jury found Williams’ testimony at trial credible, it was possible for it to conclude that he did not have a knife and was merely defending himself from an attack by the victim, during which time the victim’s arm was cut by debris on the ground. See Cartegena v. State, 909 So.2d 414, 416 (Fla. 5th DCA 2005) (“ ‘Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests.’ ” (quoting Bryant v. State, 412 So.2d 347, 350 (Fla.1982))). Furthermore, this error cannot be considered harmless because the facts of this *1211 case as presented to the jury were in dispute and Williams was convicted of one of the lesser-included offenses for which the self-defense instruction should have been given. Cf. Jemmott, 779 So.2d at 475 (Altenbernd, J., specially concurring) (“Because this defense applied only to the lesser offense of simple battery, which the jury did not reach, I agree that the error was harmless.”).
While it is impossible to determine from the record why the jury concluded Williams was not guilty of aggravated battery, it is possible that the decision was reached because of an acceptance of Williams’ claim that he did not possess a knife. This potential factual finding makes it impossible for the State to show beyond a reasonable doubt that the failure to give the self-defense instruction for the lesser-included offenses was harmless. See Abbott v. State, 589 So.2d 943, 944 (Fla. 2d DCA 1991) (where the State fails to meet its burden of showing that the error is harmless beyond a reasonable doubt, the failure to give the applicable instruction on the justifiable use of nondeadly force is reversible error). Accordingly, we reverse Williams’ judgment and sentence and remand for a new trial on the two lesser-included offenses of felony battery and simple battery.
Reversed and remanded.
ALTENBERND and CRENSHAW, JJ, Concur.