Warner, J.
Diamond Allen appeals an order revoking his probation. The trial court found that he had violated probation by changing his residence without informing his probation officer, fleeing and eluding law enforcement, committing burglary of a structure, and resisting arrest with violence. While we conclude that competent substantial evidence did not support finding him in violation for changing his residence, or resisting arrest with violence because the resistance, if any, was not against an officer but a police dog, we nevertheless affirm as it is apparent that the court would have revoked his probation even without those charges.
In 2013, Allen entered into a negotiated plea with the State, pled guilty to robbery with a firearm and burglary while armed with a firearm in one case, and pled guilty to dealing in stolen property and grand theft of a motor vehicle in another. Because he provided substantial assistance, adjudication was withheld, and he was sentenced to five years of probation in each case, running concurrently. Thereafter, a violation of probation (“VOP”) was filed in both cases. An agreed order was entered modifying his probation, and his probation was reinstated.
Subsequently, a new affidavit of VOP was filed in both cases, alleging as violations that he had changed his residence without the permission of his probation officer and that he failed to live at liberty without violating any law by committing the offenses of (1) resisting an officer with violence, (2) resisting an officer by fleeing and eluding a law enforcement officer, and (3) burglary of an unoccupied structure.
A hearing was conducted on the VOP. A Palm Beach County Sheriffs deputy testified that the deputies had obtained a warrant for Allen’s arrest for robbery, and the deputy had assisted in that arrest. Allen fled while the officers were trying to execute the arrest warrant. His vehicle was found crashed in a residential area, but he was not in it. A K-9 unit arrived, and the dog led police to the backyard of a nearby home. The officers spoke to the homeowner, who allowed them access to the fenced backyard containing a canopy tent structure. When the officer pulled up the tent’s tarp, he saw Allen sitting in a chair with his arms crossed. Allen refused several commands that he come out. The officer released the dog, and it took hold of Allen’s left leg to pull him out. The dog’s fangs were deep in Allen’s leg. As Allen *57 was being pulled out of the tent, he was pushing on the dog’s head to get it off of his leg. The officer didn’t see Allen kick or punch the dog. The officer punched Allen several times in the head with a closed fist to get him to comply and handcuffed him. The dog then released Allen.
A probation officer testified to the facts of Allen’s violation for changing his address without notifying his probation officer. When Allen had been placed on probation, he was living at an address in Palm Springs. Allen did not show up to report for the month of September. The probation officer went to his address and knocked on the door, but no one answered. She went back to that address a few days later and looked through the wooden gate, which was locked. She could see the door, and it had a realtor’s lock (a lock box) on it. On cross-examination, the probation officer admitted that she was not a realtor and never went to the home again to see if Allen lived there. She never spoke to the owner from whom he had been renting the house. She spoke to Allen’s estranged wife, but the wife couldn’t tell the officer whether he had moved or not.
Allen’s counsel argued that Allen couldn’t be found to have resisted a law enforcement officer with violence because all Allen did was push the dog away from his leg. The court considered the dog as a substitute for the officer and found that Allen had violated probation by resisting with violence, as well as changing his residence, fleeing and eluding the officers, and burglary of a structure. The court revoked Allen’s probation and sentenced him on the charges for which he had been on probation, to twenty-five years on the robbery with a firearm charge, twenty-five years on the burglary with a firearm charge, fifteen years for dealing in stolen property, and five years for the grand theft of a motor vehicle. He appeals.
Allen argues that the trial judge erred in ruling that police dogs are the same as law enforcement-officers for purposes of resisting arrest with violence. Therefore, Allen could not be found to have resisted arrest with violence simply by pushing the dog’s head, as the court found. Section 848.01, Florida Statutes (2014), is entitled “Resisting officer with violence to his or her person” and states:
Whoever knowingly and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree ....
§ 843.01, Fla. Stat.
Section 943.10, Florida Statutes, (2014), refers to “any person”- in defining who is. a police officer. § 943.10(1),,. Fla. Stat. A K-9 dog is not a person. Moreover, the statutes treat police dogs differently than, officers. Section 843.19, Florida Statutes (2014), provides that it is a third degree felony to cause great bodily harm, permanent disability or death to a police dog. § 843.19(2). Malicious touching, of a dog is categorized as a first degree misdemeanor. § 843.19(3), Fla. Stat. On the other hand, if those crimes are committed against a law enforcement officer, they have increased penalties. See § 775.0823, Fla. Stat. (2014). The plain meaning of section 843.01, Florida Statutes, compels a conclusion that this statute applies only to resisting persons, not animals. As noted in Bass v. State, 791 So.2d 1124, 1124-25, (Fla. 4th DCA 2000), “[t]he trial court is not correct that police dogs receive the same treatment as a police officer.”
*58 . The State argues that the conviction of resisting arrest with violence could also be supported by evidence that Allen offered to do violence to the officers too, not just the dog. The State cites Wright v. State, 681 So.2d 852 (Fla. 5th DCA 1996), in which the court found that a defendant’s conviction for resisting a law enforcement officer with violence could be affirmed, because there was evidence that he struggled, kicked, and flailed his arms during the course of his apprehension. Id. at 853-54. However, we reject this argument as there is insufficient evidence that Allen struggled with or swung at a police officer, or took other action sufficient to show that he offered to do violence to the law enforcement officer. Moreover, the court made no such finding.
The court also found that Allen violated his probation by changing his residence without informing his probation officer. To sustain a violation of probation the State must prove, by a preponderance of the evidence, that the defendant willfully and substantially violated the terms of his probation. Mata v. State, 31 So.3d 257, 259 (Fla. 4th DCA 2010). There was insufficient evidence to support a finding that Allen had moved without his probation officer’s permission. When the officer came to the home the first time, no one answered the door. The second time she visited, she was stopped by a locked gate and could see a realtor’s lock on the door. She did not testify that the home was vacant or unfurnished. She did not call the owner, and her contact with Allen’s estranged wife did not provide any useful information as to whether he still lived at that address. A lock box does not necessarily mean that the renter no longer lives there. It may only have meant that a realtor was showing the house. Further, the fact that Allen was not present the two times the probation officer visited would not establish that he had moved. See Gary v. State, 987 So.2d 180, 181 (Fla. 2d DCA 2008) (“The fact that the probation officer did not find Gary at home when she visited did not prove that Gary had moved.”). The record does not contain competent substantial evidence to support this violation. Thus, the court erred in finding Allen had violated on this ground.
Nevertheless, we affirm the revocation of probation. In addition to the foregoing improper grounds for violation, the trial court found, and Allen does not challenge, violations based both on Allen’s act of fleeing and eluding police, as well as the burglary of a structure. When it is clear from the record that the trial court would have revoked based upon the proper grounds even without the improper grounds, this court need not reverse for reconsideration by the trial court. See McDoughall v. State, 133 So.3d 1097, 1100 (Fla. 4th DCA 2014). In sentencing Allen, the court did not even mention the charge of changing his residence without permission. The court focused on Allen’s multiple chances on probation, which he had previously violated, as well as his fleeing and eluding police who had a warrant for his arrest. Thus, we conclude that the court would have revoked Allen’s probation and entered the same sentence regardless of the improper grounds for violation.

Affirmed.

Gross and Forst, JJ., concur.