[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14940
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00087-CEH-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK JERMAINE GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2019)

Before TJOFLAT, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Kendrick Jermaine Green appeals his 92-month sentence for being a felon in possession of ammunition.  Green argues that the district court sentenced him under an erroneous guidelines range because neither (1) resisting an officer with violence under Fla. Stat. § 843.01 nor (2) carjacking under Fla. Stat. § 812.133 is a crime of violence under the Armed Career Criminal Act.

**I**

We review *de novo* whether a defendant's prior convictions were violent felonies under the ACCA.  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).  The ACCA defines the term violent felony as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  The first prong of this definition is referred to as the elements clause, while the second prong contains enumerated crimes.  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

To determine whether a prior conviction qualifies under the elements clause, we employ a categorical approach and compare the elements of the statute that

2

forms the basis of the defendant's conviction and the elements of the generic offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute necessarily requires the government to prove as an element of the offense the use, attempted use, or threatened use of physical force, then the offense categorically qualifies as a violent felony. *See United States v. Estrella*, 758 F.3d 1239, 1245 (11th Cir. 2014) (applying the categorical approach to the elements clause of the career offender guideline, U.S.S.G. § 4B1). Under the elements clause, "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (citation omitted). Under the categorical approach, a court must presume that a conviction rested upon nothing more than the least of the acts criminalized. *Estrella*, 758 F.3d at 1245, 1254.

Under our prior-panel-precedent rule, we are bound by a prior panel's decision until overruled by the Supreme Court or this Court *en banc*. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998). There is no exception to this rule based upon an overlooked reason or a perceived defect in the prior panel's reasoning or analysis of the law in existence at the time. *See United States v. Kaley*, 579 F.3d 1246, 1255, 1259–60 (11th Cir. 2009).

Green contends that resisting an officer with violence under Fla. Stat. § 843.01 "includes conduct … [that] falls short of the violent force required by the

elements clause." We have held, however, that the offense categorically qualifies as a crime of violence under the ACCA's elements clause. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1249 (11th Cir. 2012) (per curiam). We explained that resisting an officer with violence contains an element of the use of physical force because a review of Florida state case law showed that it could not be committed by a *de minimis* use of force. *Id.*; *see, e.g.*, *Wright v. State*, 681 So. 2d 852 (Fla. Dist. Ct. App. 1996); *State v. Green*, 400 So. 2d 1322 (Fla. Dist. Ct. App. 1981). Moreover, in *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) (per curiam), we observed that Florida courts have held that violence is a necessary element of the offense. Under binding precedent, the district court did not err in counting Green's prior conviction for resisting an officer with violence under Fla. Stat. § 843.01 as a crime of violence.

## II

Green also argues that carjacking under Fla. Stat. § 812.133 is not a crime of violence because it can be committed with "only the minimal force necessary to overcome a victim's minimal resistance" or by putting "a victim in fear" without intending to use or threaten to use physical force. Florida defines carjacking as follows:

> the taking of a motor vehicle which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the

4

motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.133(1).  Florida law defines robbery almost identically:

the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

The Florida Supreme Court has interpreted the robbery statute to require "resistance by the victim that is overcome by the physical force of the offender." *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997).  The Supreme Court in *Stokeling v. United States* held that the "elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance."  139 S. Ct. 544, 550 (2019).  Moreover, the *Stokeling* Court held that "the force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*."  *Id.* at 553 (citing *Johnson v. United States*, 559 U.S. 133, 139 (2010)); *see also United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding that it was "inconceivable" that conduct "caus[ing] the victim to fear death or great bodily harm would not involve the use or threatened use of physical force").

The district court did not err in counting Green's prior conviction for carjacking under Fla. Stat. § 812.133 as a crime of violence because the statute is

virtually identical to robbery under Fla. Stat. § 812.13, which the Supreme Court has held is categorically a crime of violence under the ACCA.  Green acknowledges that, under Florida law, the only difference between the two statutes is that the carjacking statute applies to vehicles whereas the robbery statute applies to all property.  This distinction is not enough to show that the force required by the carjacking statute may not rise to the level of a "crime of violence."  We **AFFIRM.**