355 So.2d 163 (1978)
The FOUNTAINS OF PALM BEACH CONDOMINIUM, INC. No. 5, a Florida Corporation Not for Profit, Appellant,
v.
Carolyn FARKAS, Appellee.
No. 77-1002.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Rehearing Denied March 14, 1978.
Herbert L. Gildan of Nason, Gildan & Yeager, West Palm Beach, for appellant.
Michael B. Small of Law Offices of Michael B. Small, P.A., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
The plaintiff condominium association appeals from a final judgment denying its prayer for injunctive relief and dismissing its complaint against a unit owner who built a patio on the condominium's common elements. We reverse.
The defendant owner's husband testified that he attempted to obtain permission for the construction of a patio on the common elements. He went first to the management firm, where he was told that while the firm had no objections to the proposal, a transition was underway in which the condominium association was taking over, so that he should raise the matter at an association meeting. He attended a meeting of the board of directors of the condominium association. The board informed him that they had no legal status and were therefore unable to grant or deny permission. The owner went ahead with construction, after which the condominium association brought this action for a mandatory injunction requiring the removal of the patio slab from the condominium elements at the owner's expense.
*164 Section 718.303(1), Florida Statutes (Supp. 1976), mandates that unit owners shall be governed by the declaration of condominium, the documents creating the condominium association, and the association bylaws. The same statutory section authorizes a condominium association to bring an action for damages or for injunctive relief against a unit owner for noncompliance. In the present case the unit owner was governed by the following provisions of the Declaration of Condominium:
IV. OWNERSHIP OF COMMON ELEMENTS
Each of the unit owners of the Condominium shall own an undivided interest in the common elements... .
XIV. MAINTENANCE AND ALTERATIONS
C. Each unit owner agrees as follows:
2. Not to make or cause to be made any structural addition or alteration to his unit or to the limited common elements or common elements... .
3. To make no alterations, decoration, repair, replacement or change of the common elements ... without the prior written consent of the Management Firm and the Association... .
D. In the event the owner of a unit fails to maintain the said unit and limited common elements, as required herein, or makes any alterations or additions without the required written consent, or otherwise violates ... the provisions hereof, the Association, or the Management Firm on behalf of the Association, and on its own behalf, shall have the right to proceed in a Court of equity for an injunction to seek compliance with the provisions hereof... .
This court has previously held that Declarations of Condominium ought to be construed strictly. Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685, 688 (Fla. 4th DCA 1971). It is undisputed that the unit owner in the case now before us failed to get prior written consent from the management firm and the association, as required by the Declaration of Condominium, before altering the common elements. The owner argues that the failure of the management firm and the association to object to her intentions should operate as an estoppel or as a waiver of the association's right to complain now that the patio slab has been laid. We disagree. The statement by the board of directors that it had no legal authority to give its permission was not a form of assent, nor even an intimation of tacit approval. Neither can the noncommittal, though apparently rather favorable, attitude of the management firm be said to have justified any belief by the owner that she could safely ignore the requirement of the Declaration of Condominium that she obtain the prior written consent of both management and the association before altering the common elements.
REVERSED and REMANDED.
DOWNEY and LETTS, JJ., concur.