### SHORES OF PANAMA CLUB, LLC, a Delaware Limited Liability Company, Appellant,

### v.

### SHORES OF PANAMA RESORT COMMUNITY ASSOCIATION, INC., a Florida Not–For–Profit Corporation, Appellee.

No. 1D16–0920.

District Court of Appeal of Florida, First District.

Oct. 28, 2016.

Rehearing Denied Dec. 9, 2016.

Jack R. Reiter, George N. Meros, Jr., and Jordan S. Kosches, Gray Robinson, P.A., Miami, for Appellant.

John Cottle, Becker & Poliakoff, P.A., Ft. Walton Beach, for Appellee.

WOLF, J.

Appellant, Shores of Panama Club, LLC (the Club), and appellee, Shores of Panama Resort Community Association, Inc. (the Association), each claim ownership of the front desk in the lobby area of the condominium in which each party owns a unit, and the parties' two units are contiguous. The Club alleges the trial court erred in determining that the Club's unit, Commercial Office # 1, encompassed less than the 396 square feet outlined in the Declaration of Condominium and in awarding ownership of the front desk and the space behind it to the Association.

We agree with the Club and reverse and remand for the trial court to award ownership of the front desk and the area behind it to the Club.

### I. Facts

The underlying suit originated when the Association sued the Club alleging, among other claims, that the Club was in wrongful possession of the front desk. The Association then moved for partial summary judgment on the counts involving the front desk, and the Club filed a cross-motion for partial summary judgment; each party contended that the front desk was included within its unit.

The Declaration defines the condominium units' boundaries three ways: in words, with numbers, and with diagrams. In words, the units' perimetrical boundaries are defined as "the vertical planes of

the undecorated exterior finish of the exterior walls bounding the unit and the center of any walls between the unit and another unit, in each case extended to intersections with each other and with the upper and lower boundaries." This is a general description and is not specific as to the boundaries of the particular units in question.

The units are then described "more particularly" and numerically with each unit's square footage. The Declaration specifically states Commercial Office #1 encompasses 396 square feet.

Pictorially, the Declaration contains a diagram of the condominium's ground floor; the diagram indicates the locations of interior walls and also labels each unit by its name.

The trial court held that the front desk belonged to the Association, reasoning that the definition of the units' perimetrical boundaries was a "courses and distances" measurement that necessarily superseded the square footage allocation within the Declaration, which the court found was a mere "quantity" measurement. *Trustees of Internal Imp. Fund v. Wetstone*, 222 So.2d 10, 14 (Fla.1969) ("[I]t is well settled that in locating a boundary line natural monuments prevail over courses and distances and courses and distances prevail over quantity.").

## II. Analysis

■ This court reviews both orders granting summary judgment and interpretations of condominium declarations de novo. *See Case v. Newman*, 154 So.3d 1151, 1153 (Fla. 1st DCA 2014); *Courvoisier Courts, LLC v. Courvoisier Courts Condo. Ass'n, Inc.*, 105 So.3d 579, 580 (Fla. 3d DCA 2012). After such a review, we find the trial court erred in determining the boundary between the Club's Commercial Office #1 and the Association's Commercial Registration Unit.

Boundaries of condominium units must be discerned through the declaration of condominium itself, which must contain "a graphic description of the improvements in which units are located and a plot plan thereof that, together with the declaration, are in sufficient detail to identify the common elements and each unit and their relative locations and approximate dimensions." § 718.104(4)(e), Fla. Stat. (2006).

■ Descriptions of the condominium units found in a declaration and its accompanying exhibits must be strictly construed, as "[a] declaration of a condominium is more than a[ ] mere contract spelling out mutual rights and obligations of the parties thereto it assumes some of the attributes of a covenant running with the land, circumscribing the extent and limits of the enjoyment and use of real property." *Pepe v. Whispering Sands Condo. Ass'n, Inc.*, 351 So.2d 755, 757 (Fla. 2d DCA 1977). *See also Fountains of Palm Beach Condo., Inc. No. 5 v. Farkas*, 355 So.2d 163, 164 (Fla. 4th DCA 1978) ("This court has previously held that Declarations of Condominium ought to be construed strictly.").

■ We find that, as noted by the Declaration itself, the most specific description of the units in the Declaration is the allocation of square footage. While the diagram of the lobby does show that Commercial Office #1 includes a small walled-off area, it is unclear whether those walls are intended to be internal walls or actual boundary walls. The Association alleges the five walls bound the entirety of the Club's Commercial Office #1; however, the walled portion comprises only 75 square feet, which would directly contradict the Declaration's specific allocation of 396 square feet to Commercial Office #1. In fact, both parties agree that the only way for Commercial Office #1 to encom-

pass 396 square feet would be if the front desk were included within the unit and if the walls within the unit were considered interior rather than boundary walls.

The contemplation of such interior walls, though, renders the applicability of the definition of perimetrical boundaries to the units at hand unclear, as the definition contains no guidance regarding internal walls. The lack of clarity of both the perimetrical boundaries definition and the diagram of the lobby area further supports our conclusion that the allocation of square footage within the Declaration controls in this case.

Our conclusion is also supported by Florida Administrative Code Rule 61B–18.0051, which requires a declaration of condominium in which percentage of ownership is not based upon an equal fractional basis to include the square footage of each unit based on its perimetrical boundaries.

We differentiate the current case from that relied on by the trial court, *Wetstone*, 222 So.2d 10, as *Wetstone* involved determining the boundaries of an island as noted in an official survey. Here, unlike in *Wetstone*, we must interpret a declaration of condominium, rather than an official survey of land, to determine the boundaries of the condominium's internal units.

Further, the trial court relied on *Wetstone* for its outline of the legal hierarchy of boundary line markers, noting that natural monuments prevail over courses and distances, and courses and distances prevail over quantity. The trial court determined the written definition of perimetrical boundaries contained in the Declaration was a "courses and distances" measurement that legally superseded the "quantity" measurement of the unit's square footage.

We, however, disagree that the definition of perimetrical boundaries contained in the Declaration is a "courses and distances" measurement. The term "courses and distances" refers to "the angles and scaled distances indicated on a plat and must be followed to establish the exact boundaries." 1 Fla. Jur.2d Adjoining Landowners § 18. The very general definition of perimetrical boundaries found in the Declaration lacks both a direction and a distance, and is therefore not a "courses and distances" measurement. Because no "courses and distances" measurement is found in the Declaration, this court is not bound by the hierarchy noted in *Wetstone*.

As such, we determine the trial court erred when it found the Association owned the front desk, and we REVERSE and REMAND for the trial court to enter summary judgment on the counts relating to the front desk ownership controversy in favor of the Club.

LEWIS and RAY, JJ., concur.