IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SILVER BEACH TOWERS
PROPERTY OWNERS
ASSOCIATION, INC., SILVER
BEACH TOWERS EAST
CONDOMINIUM
ASSOCIATION, INC., and
SILVER BEACH TOWERS
WEST CONDOMINIUM
ASSOCIATION, INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4555

      Appellants,

v.

SILVER BEACH
INVESTMENTS OF DESTIN,
L.C., and THE CLUB AT
SILVER SHELLS, INC.,

      Appellees.

_____/

Opinion filed October 18, 2017.

An appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Daniel M. Schwarz of Cole Scott & Kissane, P.A., Plantation, for Appellants.

Philip J. Padovano and Joseph T. Eagleton of Brannock & Humphries, Tallahassee,
and Bruce P. Anderson, Destin, for Appellees.

DOUGLAS, WESLEY R., Associate Judge.

On appeal from the final judgment entered September 30, 2016, Appellants challenge the earlier order on cross-motions for partial summary judgment entered by the trial court on July 6, 2015, and determining liability, as well as the final judgment determining damages. As provided by article V, section 4(b)(1) of the Florida Constitution, and rule 9.110(h), Florida Rules of Appellate Procedure, this Court's authority and scope of review includes review of the partial summary judgment.

Appellants assert reversible error in the trial court's ruling that an amendment to the condominium declaration was invalid and that Appellants remained liable for certain assessments after that purported amendment. The trial court based its determination on the finding that the amendment procedures used by Appellants violated the terms of the declaration and section 718.110(4), Florida Statutes. Because we reverse the partial summary judgment regarding the amendment and its effect on the duration of liability for the contested assessments, we need not address Appellants' other challenges to the final judgment.

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "This court reviews both orders granting summary judgment and interpretations of

2

condominium declarations de novo." Shores of Panama Club, LLC v. Shores of Panama Resort Cmty., 204 So. 3d 541, 543 (Fla. 1st DCA 2016). Because it "assumes some of the attributes of a covenant running with the land," a declaration of condominium is more than a "mere contract spelling out mutual rights and obligations of the parties thereto," and thus must be strictly construed. Id.

The declaration of condominium for the real properties owned at the time by Silver Beach Investments of Destin, L.C., was filed in the Official Records of Okaloosa County on July 6, 2001. See §§ 718.104(2), 718.105, Fla. Stat. As defined in the declaration, appellee Silver Beach Investments of Destin, L.C., is the "Developer"; appellant Silver Beach Towers Property Owners Association, Inc., is the "Master Association"; and the other two appellants, Silver Beach Towers East Condominium Association, Inc. and Silver Beach Towers West Condominium Association, Inc., qualified as "Members." Members were condominium associations "or the Developer," and individual condominium unit owners were "Owners."

The declaration governed the owners' easements and rights to enjoy "common properties" as defined in the declaration. In addition, article 2, section 2.9 of the declaration provided that each unit owner "shall automatically become a non-equity member of The Club at Silver Shells, Inc." (the second appellee in this

3

action).[1] Unit owners were prohibited from terminating their membership until the unit was conveyed to another owner, but the Club was authorized to terminate an owner's membership without notice to the owners. Although the Club property and facilities were not contiguous to the condominium properties but were located approximately a mile away, section 2.9(a) stated that each unit owner's "membership in the Club shall be appurtenant to the Unit upon which it is based." Section 2.9 also provided that, unlike the common properties of the condominium, the clubhouse property would be retained by "Silver Shells Corporation and not conveyed to the Master Association or the Owners at the time of Turnover." And while the clubhouse property was "intended primarily for the benefit of the Owners and Occupants of Units," Silver Shells Corporation was allowed to make the Club facilities "available to the general public." Finally, section 2.9(d) provided that the Master Association was responsible for collecting the Club dues and fees payable by the unit owners and that the amount of dues and fees could be changed solely at the Club's discretion without prior notice.

The date of "turnover," as defined by the declaration in article 1(y) and as described in section 718.301(4), Florida Statutes, was not definitively established.

---

[1] "Club" was defined in the declaration, Art. 1(d), as "The Club at Silver Shells, Inc., a Florida corporation controlled by Silver Shells Corporation, which owns, administers and operates the Club house Property at Silver Shells Beach Resort." Silver Shells Corporation was not a party to the lawsuit below and is not a party to this appeal.

However, the parties agreed that by 2008 turnover from the Developer to the associations involved in this action had been completed. Accordingly, title to the common properties and control of Silver Beach Towers Property Owners Association, Inc., as the Master Association, had been conveyed to "the Members (other than the Developer)" by 2008. The Master Association's duty to collect the dues for Club membership remained, but, due to the turnover, the Board of Directors of the Association was made up only of Members (i.e., the condominium associations) and no longer included the Developer.

Beginning in 2008, members of the associations sought to end the mandatory Club membership and the attendant dues and fees required by article 2.9 of the declaration of condominium. On May 4, 2010, after notice had been posted and mailed to the current Directors, a special board of directors meeting of the Master Association, Silver Beach Towers Owners Association, was held.[2] One director of the Master Association, who also represented Towers East Condominium Association, moved to adopt the proposed amendments to the declaration, and the motion was approved unanimously. Elimination of article 2.9 was one of the amendments. The Certificate of Amendment was executed on May 18, 2010; filed in the public records of Okaloosa County on May 21, 2010; and

---

[2] The proof of notice, minutes of this meeting, and by-laws of the Master Association requiring three days' notice to the directors of special meetings were all attached, as summary judgment evidence, to the defendants' (appellants here) motion for partial summary judgment.

mailed to each unit owner on May 28, 2010.

On May 2, 2012, the Developer, Silver Beach Investments of Destin, L.C., and the separately incorporated The Club at Silver Shells, Inc., filed suit seeking to recover the Club dues and fees from the associations, under the original declaration. In their responsive pleadings, the defendants (appellants here) asserted that the declaration had been amended as of May 2010 and that article 2.9 was no longer in force after the amendments took effect. The litigation progressed, and on October 31, 2014, the defendant associations filed their motion for partial summary judgment, based in part on the associations' assertion that the declaration had been amended in 2010 to eliminate the mandatory Club membership provision. The plaintiffs also moved for summary judgment.

The trial court heard the cross-motions and considered the summary judgment evidence on June 8, 2015. The material facts regarding the amendment procedures taken by the associations and the language in the declaration and association by-laws pertaining to meetings and voting were not in dispute at the time of the motion hearing. Based on the undisputed material facts, the court denied the defendants' motion and deemed the May 2010 amendments to the declaration invalid. The court found that the Club memberships were "appurtenances to the condominium units" and thus subject to section 718.110(4), Florida Statutes. Under that statute, amendments that materially modify or alter

6

"the appurtenances to the unit" require approval of "all the record owners of all other units in the same condominium." Because individual votes were not cast by all condominium unit owners, the court found against the associations as a matter of law on the validity of the amendment.

In addition, the court found that the sufficiency of notice for the special meeting where the amendments were attempted presented a genuine issue of material fact because the Developer and the Club denied ever receiving individual notice. The court relied on section 3.5 of the by-laws of the Master Association and section 13.8 of the declaration as authority for the Developer's and the Club's entitlement to notice of the special meeting.

Upon its finding a genuine dispute of material fact as to the amounts owed, the court denied the plaintiffs' motion for summary judgment in part but entered summary judgment "in Plaintiffs' favor and against the defendants on the issue of liability of defendants for the Club Assessments with further proceedings being necessary to determine the amount due for pre-amendment and post-amendment assessments remaining unpaid," together with accrued interest, costs, and attorneys' fees. The eventual final judgment was entered in amounts and for relief consistent with the trial court's earlier partial summary judgment deeming the amendments to the declaration invalid.

The trial court's summary judgment that the amendments to the declaration

7

made in 2010 were invalid as a matter of law, pursuant to section 718.110(4), Florida Statutes, was a misapplication of law requiring reversal. First, the provision in section 2.9(a) of the original declaration that "[e]ach Owner's membership in the Club shall be appurtenant to the Unit upon which it is based" does not establish that memberships in an off-premises, commercial fitness club in which neither the members nor the condominium associations have any ownership or management rights are "appurtenances to the unit" as that phrase is characterized in the law. A thing may be "appurtenant," or annexed to something else, without qualifying as an "appurtenance to the unit."[3] The declaration in this case clearly provided that the Club memberships were "non-equity" memberships, not exclusively available to unit owners, terminable solely by the Club without cause or recourse of the member, and not "common elements" or "condominium property" as defined in sections 718.108 and 718.103(13), Florida Statutes. While personal property may, in some cases, be subject to condominium ownership and thus constitute condominium property under section 718.103(13), Florida Statutes, the lack of any indicia of ownership by Club members in their Club privileges distinguishes this case from Downey v. Jungle Den Villas Recreation Ass'n, 525 So. 2d 438 (Fla. 5th DCA 1988). The Club is not owned, controlled, or even affected by any input from the condominium unit owners or the associations that

---

[3] See Thiess v. Island House Ass'n, Inc., 311 So. 2d 142 n.1 (Fla. 2d DCA 1975) (defining "an appurtenance").

are parties to this litigation. Because the Club memberships in this case are not "appurtenances to the units," as that term is legally defined, the unanimous approval of amendments modifying such appurtenances, as provided in section 718.110(4), Florida Statutes, does not apply.

Even if the amendments at issue were modifications or alterations of appurtenances to the units, section 718.110(4), Florida Statutes, would not invalidate the amendment action taken by the Master Association on May 4, 2010. The statutory requirement that all unit owners "approve the amendment" is inapplicable because section 718.110(4) is qualified by its own introductory phrase: "Unless otherwise provided in the declaration as originally recorded." The declaration as originally recorded *did* otherwise provide for a detailed representative voting scheme for amendment of the declaration. Article 13.5 of the declaration provided for amendment of the declaration by "the affirmative vote or written consent of the Members holding not less than two-thirds (2/3) of the voting power of the Class A Membership of the Master Association together with the affirmative vote of the Class B Member (so long as the Class B Membership Exists)." At the time of the special Board of Directors' meeting, Class B Membership (consisting only of the Developer) was no longer in existence due to the completion of turnover. Neither the Developer nor the Club presented any summary judgment evidence that either of them was a condominium association

9

within the development, as required to be a Class A member of the Master Association, or that the affirmative vote of the Class A members on May 4, 2010, did not comprise two-thirds of the voting power of the members.

The trial court's denial of the defendants' motion for partial summary judgment as a matter of law because the Master Association's voting procedure on the amendments did not comply with section 718.110(4), Florida Statutes, was a misapplication of that statute.

The trial court also erred by denying the associations' motion for partial summary judgment on the validity of the amendments based on its finding of a genuine issue of material fact regarding the sufficiency of notice of the Special Board of Directors' meeting during which the amendments were passed. The facts surrounding the notice, including the Developer and the Club's assertions (via Club owner and development company representative) that these companies did not receive individual notice of the meeting, were not in dispute. However, these facts were not material facts because section 3.5 of the By-Laws of the Master Association, as referenced by the trial court, required three days' notice prior to a special meeting to be given, personally or by mail, to "each Director."

There was no summary judgment evidence that immediately prior to the May 4, 2010, special meeting, either the Club or the Developer were Directors of the Master Association. Further, to the extent the Club or the Developer had

standing to challenge the sufficiency of notice to the Members of the Master Association (i.e., the condominium associations), the statement of the community association manager filed as summary judgment evidence (Exhibit H to defendants' motion for partial summary judgment) was not contested and the posting of notice as described therein complied with section 3.7 of the By-Laws of the Master Association.[4]  Finally, while the declaration states that notices "required to be delivered" are to be in writing and "delivered" in person or by mail (article 13.8 of the declaration), article 1(p) of the same declaration allows for "[n]otice given in any other manner provided in the By-Laws of the Master Association."  The posting of notice of the Board action to the unit owners in the common areas comported with the By-Laws of the Master Association. The Developer and Club's assertions that their representative did not receive personal advance notice of the meeting did not raise a question of *material* fact because no such personal advance notice to either company was required by the clear terms of the By-laws of the Master Association.

The trial court's conclusion that the amendments to the declaration by the Master Association at its meeting on May 4, 2010, were invalid was a misapplication of law and not supported by the terms of the original declaration or

---

[4] Section 3.7 of the By-Laws for Silver Beach Towers Property Owners Assoc., Inc. provided: "Adequate notice of all meetings of the Board shall be placed conspicuously on the Common Property at least forty-eight (48) hours in advance of the time set for the meeting except in the case of an emergency meeting."

the By-Laws of the Master Association. Accordingly, the partial summary judgment deeming the amendments to the declaration invalid as a matter of law, based on any issue of material fact pertaining to the amendment procedure, was error and is reversed. Because the final judgment determining the amount of damages depended in part on the partial summary judgment, the final judgment is also reversed and this cause is remanded for further proceedings to determine the proper amount of damages based on dues owed to the Club prior to the effective date of the amendments to the declaration.

REVERSED and REMANDED.

RAY and KELSEY, JJ., CONCUR.